

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1551-09

### OSCAR RENE BENAVIDEZ, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### HIDALGO COUNTY

PRICE, J., delivered the opinion of the Court in which MEYERS, WOMACK, JOHNSON, KEASLER, HOLCOMB and COCHRAN, JJ., joined. HERVEY, J., filed a dissenting opinion in which KELLER, P.J., joined.

## O P I N I O N

In an unpublished opinion, the Thirteenth Court of Appeals vacated the trial court's judgment of conviction in this cause and remanded it to the trial court for entry of a judgment of acquittal.[1] It did so in the absence of any finding that the evidence was legally insufficient

---

[1] *Benavidez v. State*, No. 13-07-00670-CR, 2009 WL 3210929 (Tex. App.—Corpus Christi, delivered October 9, 2009) (not designated for publication).

to support the jury's verdict. We granted the State Prosecuting Attorney's (SPA) petition for discretionary review to examine the propriety of this remedy. We will vacate the judgment of the court of appeals and remand the cause to that court for further proceedings.

## THE PROCEDURAL POSTURE

The appellant was indicted for the felony offense of aggravated sexual assault. At the close of evidence at the guilt phase of his jury trial, the State submitted a proposed jury charge that authorized the jury, should it acquit the appellant of aggravated sexual assault, to convict him of the lesser offense of aggravated assault. Although the appellant vigorously opposed the inclusion of this charge, the trial court submitted it, and the jury convicted the appellant of aggravated assault, thereby implicitly acquitting him of aggravated sexual assault. The appellant appealed his aggravated assault conviction, arguing among other things that the trial court erred to authorize a conviction for that offense because it was not a lesser-included offense of aggravated sexual assault as the latter offense had been alleged in the indictment.

The court of appeals agreed with the appellant that, as alleged in the indictment, aggravated assault was not a lesser-included offense of aggravated sexual assault.[2]

---

[2] *See id.*, at \*2 ("In the indictment against appellant, the manner of committing aggravated sexual assault was limited to his placing [the victim] in fear that serious bodily injury would be inflicted on her. In contrast, a person commits aggravated assault if the person actually causes serious bodily injury to another. Numerous courts have recognized that the proof required to show a threat of bodily harm or injury is different than the proof required to show serious bodily harm or injury.") (citations omitted).

Purporting to base its holding on this Court's recent opinion in *Trejo v. State*,[3] the court of appeals declared that a "trial court has no jurisdiction to convict a defendant of an offense not charged in the indictment unless that offense is a lesser-included offense of the crime charged."[4]  Because the indictment in this case did not authorize conviction for the lesser-but-not-included offense of aggravated assault, the court of appeals held, the appellant's conviction was "void."[5]  Without further explanation, the court of appeals then simply vacated the trial court's judgment and "remanded for entry of a judgment of acquittal as to the charge of aggravated assault."[6]

In his petition for discretionary review, the SPA remarks in passing that the court of appeals misconstrued our holding in *Trejo*, and we agree.  In *Trejo*, as in this case, the trial court had authorized the jury to convict of the lesser offense of aggravated assault on the basis of an indictment for aggravated sexual assault that did not include a theory for which aggravated assault could be a lesser-included offense.  Trejo argued, and the court of appeals agreed, that the trial court had lacked jurisdiction to submit the lesser-but-not-included offense, and that his conviction for that offense was therefore void.  We disagreed, holding

[3]

280 S.W.3d 258 (Tex. Crim. App. 2009).

[4]

*Benavidez v. State*, *supra*.

[5]

*Id*.

[6]

*Id*. at *3.

that the trial court had both subject matter and personal jurisdiction over Trejo by virtue of the felony indictment against him, and that "[a]lthough the trial court may have erred in its charge to the jury, it had jurisdiction to commit the error."[7]  Treating the unauthorized submission of the lesser-but-not-included offense, accordingly, as jury charge (and therefore trial) error, we remanded the cause to the court of appeals to decide whether Trejo, who had not objected at trial, was egregiously harmed by the error.[8]

The appellant in this case *did* object to the submission of the lesser-but-not-included offense to the jury, and so he needs only to show "some" harm to obtain appellate relief.[9]  Perhaps it is for this reason that the SPA readily concedes that there was trial error in this case and now challenges only the propriety of the court of appeals's remedy.  The SPA argues that it was improper to order a judgment of acquittal in the absence of a jury verdict finding the appellant not guilty of aggravated assault or an appellate determination that the evidence at trial was legally insufficient to support a guilty verdict for that offense.  In the SPA's view, the court of appeals should have remanded the cause to the trial court for further proceedings.  We granted the SPA's petition in order to examine these contentions.  Upon mature reflection, we hold that the court of appeals's remedy was, at best, premature.  There

---

[7]  *Trejo v. State, supra,* at 261.

[8]  *Id., citing Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (opinion on reh'g).

[9]  *Arline v. State,* 721 S.W.2d 348, 351 (Tex. Crim. App. 1986).

has been no determination at any stage of the proceedings thus far that the evidence failed to support a conviction against the appellant for aggravated assault by proof beyond a reasonable doubt. However, for reasons we shall explain, we decline to remand the cause to the trial court. Instead, we remand to the court of appeals for further consideration.

## ANALYSIS

### Acquittal Not Appropriate Remedy for Trial Error

For purposes of double jeopardy, an acquittal occurs in the trial court only when the ruling of the trial court, whatever its label, actually represents a resolution in the defendant's favor, correct or not, of some or all of the factual elements of the offense charged.[10] The jury verdict in this case actually amounted to a finding of fact that he was guilty of all of the elements of aggravated assault, and the trial court's judgment reflects accordingly. So nothing occurred at the trial court level that amounted to an acquittal for the lesser-but-not-included offense. Moreover, an appellate court does not properly order the entry of a judgment of acquittal unless either the trial court's ruling amounts to a *de facto* but unacknowledged acquittal,[11] or the appellate court itself finds that the evidence was legally

---

[10] *State v. Moreno*, 294 S.W.3d 594, 598 (Tex. Crim. App. 2009); *State v. Stanley*, 201 S.W.3d 754, 760 (Tex. Crim. App. 2006).

[11] *E.g.*, *Smith v. Massachusetts*, 543 U.S. 462 (2005); *Smalis v. Pennsylvania*, 476 U.S. 140 (1986); *Hudson v. Louisiana*, 450 U.S. 40 (1981); *United States v. Martin Linen Supply Company*, 430 U.S. 564 (1977).

insufficient to support the conviction.[12] The court of appeals did not hold that the evidence was legally insufficient to justify the jury's verdict that the appellant was guilty of the lesser-but-not-included offense of aggravated assault. We therefore agree with the SPA that, without more, the court of appeals was not justified in ordering the entry of an acquittal.[13]

## The SPA's Suggested Remedy

The SPA argues that the court of appeals should have remanded the cause to the trial court "for further proceedings not inconsistent with its holding."[14] But the SPA does not suggest what those further proceedings would be. The State cannot proceed on the original indictment because the jury at least implicitly acquitted the appellant of the original aggravated sexual-assault charge when it convicted him instead of the lesser-but-not-included offense.[15] Nor may the State attempt to prosecute the appellant for the lesser offense based upon the present indictment, having conceded that aggravated assault is not a lesser-*included*

---

[12]

*Burks v. United States*, 437 U.S. 1 (1978); *Greene v. Massey*, 437 U.S. 19 (1978). *See* George E. Dix & Robert O. Dawson, 43A TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 43.521 (2d ed. 2001), at 733 (United States Supreme Court "has held as a matter of federal double jeopardy law that an appellate finding that evidence is 'legally insufficient' in a technical sense is the equivalent of acquittal and mandates that the appellant be acquitted. The prosecution cannot be remanded for a new trial.").

[13]

Even were we to agree with the court of appeals that the appellant's conviction for the lesser-but-not-included offense was "void," the proper remedy would not be to acquit the appellant of that offense, since there has been no acquittal, *de jure* or *de facto*, at the trial court level, nor did the court of appeals declare the evidence legally insufficient to support aggravated assault.

[14]

State Prosecuting Attorney's Brief on the Merits, at 6.

[15]

*Green v. United States*, 355 U.S. 184 (1957).

offense of the aggravated sexual assault. It is not at all clear, therefore, what "further proceedings" the SPA has in mind. The trial court could vacate its judgment of conviction for the aggravated assault and enter a judgment of acquittal for the aggravated sexual assault. Such an order would terminate the present case, and the State might then return to the grand jury and attempt to obtain an indictment for the lesser offense of aggravated assault. But there is a complication.

## The Complication

What has gone unmentioned to this point by both the court of appeals and the SPA is that one of the appellant's points of error on direct appeal was that the evidence was *not* legally sufficient to support the jury's verdict finding him guilty of the lesser-but-not-included offense of aggravated assault. The court of appeals did not address this point of error, presumably because it ordered the entry of a judgment of acquittal in any event. But, under *Trejo*, the improper submission of the lesser-but-not-included offense was not jurisdictional, but merely trial error. We have long held "that an appellant who established trial error is still entitled to appellate consideration of his claim that the evidence is insufficient to support his conviction[,]" and "[t]hat continues to be the rule in Texas."[16] The reason is, of course, that while trial error alone would not bar the State from retrying the case, a finding of legal insufficiency on appeal would interpose a jeopardy bar to retrial.[17]

---

[16] Dix & Dawson, *supra*, § 43.530, at 741, and cases cited in footnotes therein.

[17] *E.g.*, *Rains v. State*, 604 S.W.2d 118, 120 (Tex. Crim. App. 1980).

Had the court of appeals actually reached the appellant's point of error raising legally insufficient evidence, it might have been justified in ordering the entry of a judgment of acquittal for aggravated assault after all. The greatest injury the appellant inflicted in this case was that he cracked one of his victim's ribs when he pushed her to the floor trying to gain access to her apartment. In his brief on direct appeal, the appellant argued that such an injury does not satisfy the statutory definition of "serious bodily injury," one of the elements of aggravated assault as submitted to the jury in the trial court's charge.[18] In his reply brief to the SPA's brief on the merits in this Court, the appellant argues vigorously that the court of appeals's remedy was justifiable because the evidence at trial was legally insufficient to prove serious bodily injury.[19] Rather than address that claim for the first time in a petition

---

[18]

*See* TEXAS PENAL CODE §§ 22.02(a)(1) (aggravated assault defined as an assault that "causes serious bodily injury to another") and 1.07(a)(46) (defining serious bodily injury as bodily injury that "creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ").

[19]

That the appellant makes this argument in his reply brief rather than in a cross-petition for discretionary review is of no moment in the particular procedural posture of this case. When an appellate court reverses a conviction on the basis of trial error without reaching other points of error in an appeal, it has decided every issue "necessary to final disposition of the appeal" for purposes of TEX. R. APP. P. 47.1—unless, of course, this Court should happen to reverse the court of appeals's reversal on discretionary review. In that event, it is necessary to remand the cause to the lower court for disposition of any remaining points of error the resolution of which are "necessary to final disposition of the appeal." We have never required a cross-petition from an appellant to justify remanding the cause to the intermediate appellate court to address any extant, as-yet-unaddressed claims of trial error. Because of the jeopardy consequences of an appellate acquittal, it is even more "necessary to final disposition of the appeal" that, when a court of appeals erroneously concludes that there is trial error in a case, but has not yet addressed a claim of legal sufficiency, we remand the case to that court for consideration of that still-pending issue. We should not require a cross-petition to justify such a remand any more than we would require a cross-petition to justify a remand for first-tier appellate consideration of a remaining claim of trial error.

for discretionary review, however, we think the appropriate action is to remand the cause to the court of appeals to address the appellant's sufficiency claim.[20]

## DISPOSITION

We therefore vacate the judgment of the court of appeals and remand the cause to that court (not, as the SPA argues, to the trial court) for further proceedings. On remand, the court of appeals may address the legal sufficiency ground, hold the evidence to be legally sufficient, and proceed to determine whether the trial error that occurred in the jury charge authorizing conviction for the lesser-but-not-included offense of aggravated assault caused the appellant "some" harm, as required by *Trejo*.[21] In the event that the court of appeals should conclude, however, that the evidence is *not* legally sufficient to support conviction for the lesser-but-not-included offense, *then* it may reinstate its judgment remanding the cause to the trial court for entry of a judgment of acquittal. Of course, the court of appeals may in its discretion order the parties to file additional briefing to address these issues.

DELIVERED:  October 20, 2010
PUBLISH

---

[20]

 *See, e.g.*, *Stringer v. State*, 241 S.W.3d 52, 59 (Tex. Crim. App. 2007) (in its discretionary review capacity, this Court reviews "decisions" of the courts of appeals, and issue that the lower court did not pass upon is not ordinarily ripe for our review); *Lee v. State*, 791 S.W.2d 141, 142 (Tex. Crim. App. 1990) (same).

[21]

 Because the appellant objected to the instruction, there is no issue in this case with respect to estoppel. *Compare Woodard v. State*, ___ S.W.3d ___ (Tex. Crim. App. No. PD-0130-10, 2010 WL 3894601, decided October 6, 2010) (slip op. at *10) (appellant who "had some responsibility for the jury charge" authorizing conviction for lesser-but-not-included offense was estopped from arguing egregious harm under *Almanza*).