IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1323-08





CHRISTOPHER GARFIAS, Appellant



v.



THE STATE OF TEXAS
 




ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SECOND COURT OF APPEALS


TARRANT COUNTY





 Per curiam. Meyers, J., not participating.


O P I N I O N



 In a two-count indictment, the appellant was charged with aggravated robbery and
aggravated assault, both offenses alleged to have been perpetrated upon one Shahid Shahid
on March 1, 2006. After a trial before the jury, the trial court authorized the jury to convict
the appellant of both offenses, which it did. The trial court entered judgment accordingly,
sentencing the appellant to sixty years in the penitentiary for the aggravated robbery offense
and a life term plus a $10,000 fine for the aggravated assault offense. For the first time on
appeal, the appellant argued that his conviction and punishment for both offenses violated
the constitutional prohibition against being twice placed in jeopardy for the same offense.

 An appellant may raise a claim of double jeopardy for the first time on appeal only
"when the undisputed facts show that the double-jeopardy violation is clearly apparent on the
face of the record and when enforcement of the usual rules of procedural default serves no
legitimate state interests." (1) In an unpublished opinion, applying the Gonzalez standard, the
Second Court of Appeals held that the appellant forfeited his double-jeopardy claim by
failing to raise it in the trial court. (2) In doing so, however, the court of appeals conducted its
analysis for legislative intent solely under the presumptive test of Blockburger v. United
States, (3) and held that a double-jeopardy violation was not clearly apparent from the face of
the record in this case because each of the offenses that the appellant was indicted for
contained an element not contained in the other. We granted the appellant's petition for
discretionary review in order to address whether the court of appeals erred when it limited
its analysis to the Blockburger test in deciding whether a double-jeopardy violation was
clearly apparent for purposes of preserving error under Gonzalez. We will vacate the 
judgment of the court of appeals and remand the cause for further proceedings.

 In the course of conducting only a Blockburger analysis, the court of appeals noted
that the aggravating element of robbery that was pled in the indictment was that the appellant
"threatened or placed" his victim "in fear of imminent bodily injury or death," (4) while the
aggravating element alleged for the assault was that the appellant actually "caused bodily
injury." (5) From this circumstance, the court of appeals reasoned:

 Because each offense required proof of an element the other did not, the record
does not affirmatively show that either offense is subsumed within the other. 
Therefore, a double jeopardy violation does not clearly appear on the face of
the record, and we cannot address appellant's complaints further. (6)


While we do not disagree with the court of appeals's Blockburger analysis, we disagree that
such an analysis sufficiently answers whether a double-jeopardy violation is clear from the
face of the record for purposes of error preservation under Gonzalez.

 In another Gonzales case (different spelling), we recently explained:

 The Double Jeopardy Clause of the Fifth Amendment, applicable to the states
through the Fourteenth Amendment, protects an accused against a second
prosecution for the same offense for which he has been previously acquitted
or previously convicted. It also protects him from being punished more than
once for the same offense in a single prosecution. Sameness in this latter
context is purely a matter of legislative intent. With respect to cumulative
sentences imposed in a single trial, the Double Jeopardy Clause does no more
than prevent the sentencing court from prescribing greater punishment than the
legislature intended. The traditional indicium of that legislative intent is the
so-called same elements test of Blockburger v. United States. According to
that test, it should be presumed that the Legislature did not regard two
statutorily defined offenses to be the same so long as each provision requires
proof of a fact which the other does not. However, for purposes of multiple-punishment analysis, the Blockburger test is only a tool of statutory
construction--and not even an exclusive one. An accused may be punished
for two offenses even though they would be regarded as the same under a
Blockburger analysis if the Legislature has otherwise made manifest its
intention that he should be.


 In Ex parte Ervin, we recognized that [t]he Blockburger test's status as
a mere rule of statutory construction raises an inverse conclusion as well: the
Blockburger test cannot authorize two punishments where the legislature
clearly intended only one. Thus, even if a straightforward application of the
Blockburger test would suggest that two offenses are not the same for double
jeopardy purposes, if other indicia manifest a legislative intent that an accused
not be punished for both offenses if they occur in the course of a single
transaction, then an accused may not be punished for both offenses even if
both convictions result from a single trial. Ervin provided a non-exclusive
catalog of considerations to help courts determine legislative intent in this
context:


 whether the offenses['] provisions are contained within the same
statutory section, whether the offenses are phrased in the
alternative, whether the offenses are named similarly, whether
the offenses have common punishment ranges, whether the
offenses have a common focus (i.e. whether the "gravamen" of
the offense is the same) and whether that common focus tends
to indicate a single instance of conduct, . . . and whether there is
legislative history containing an articulation of an intent to treat
the offenses as the same or different for double jeopardy
purposes. (7)


Whether or not a double-jeopardy violation is clearly apparent on the face of the record is,
therefore, not simply a function of a Blockburger analysis. The court of appeals should have
examined other indicia of legislative intent as well.

 We will not conduct that more thorough analysis of legislative intent for the first time
in a petition for discretionary review. (8) Instead, we vacate the judgment of the court of
appeals and remand the cause to that court for further consideration and also for additional
briefing from the parties if the court of appeals should find that useful.


DELIVERED: June 29, 2011

DO NOT PUBLISH
1. Gonzalez v. State, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000).
2. Garfias v. State, No. 2-06-398-CR, 2008 WL 2404268 (Tex. App.--Fort Worth, delivered
June 12, 2008) (not designated for publication).
3. 284 U.S. 299 (1932).
4. Garfias v. State, supra, at *2.
5. Id.
6. Id.
7. Gonzales v. State, 304 S.W.3d 838, 845-46 (Tex. Crim. App. 2010) (internal quotations,
citations and footnotes omitted).
8. See, e.g., Benavidez v. State, 323 S.W.3d 179, 183 & n.20 (Tex. Crim. App. 2010) (in its
discretionary review capacity, this Court reviews "decisions" of the courts of appeals, and an issue
that lower court did not pass upon is not ordinarily ripe for our review); Ex parte Brooks, 312
S.W.3d 30, 33 (Tex. Crim. App. 2010) (same); Smith v. State, 309 S.W.3d 10, 19 (Tex. Crim. App.
2010) (same); Stringer v. State, 241 S.W.3d 52, 59 (Tex. Crim. App. 2007) (same); Lee v. State,
791 S.W.2d 141, 142 (Tex. Crim. App. 1990) (same).