IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






No. PD-0884-11; No. PD-0885-11





GERALD CHRISTOPHER ZULIANI, Appellant



v.



THE STATE OF TEXAS






ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRD COURT OF APPEALS


WILLIAMSON COUNTY





 Per curiam. Keller, P.J., and Hervey, J., not participating.


O P I N I O N



 Appellant was convicted of reckless driving and deadly conduct. The jury assessed
punishment at 30 days' confinement and a $100 fine for the reckless driving conviction and
one year's confinement and a $3,000 fine for the deadly conduct conviction. The court of
appeals concluded that Appellant's two convictions represented multiple punishments for the
same offense in violation of the prohibition against double jeopardy and reversed the
conviction for reckless driving. Zuliani v. State, 338 S.W.3d 213 (Tex. App.-Austin 2011).
The State has filed a petition for discretionary review asserting that the court of appeals erred
in failing to consider legislative intent in its double jeopardy analysis. We agree. 

 In considering Appellant's double jeopardy claim, the court of appeals correctly
concluded that, when the same conduct violates two different statutory provisions, the two
offenses are the same for double jeopardy purposes if one offense contains all of the elements
of the other. In Texas, courts focus on the elements alleged in the charging instruments, so
two offenses with different statutory elements may be the same for double jeopardy purposes
if, as charged, they require proof of the same facts. Bigon v. State, 252 S.W.3d 360, 370
(Tex. Crim. App. 2008). The court of appeals compared the elements of the two offenses,
as charged, and concluded that they were the same for double jeopardy purposes in this case.
This analysis was correct, but incomplete. Impermissible multiple punishment occurs when
the same criminal act is punished twice under two distinct statutory provisions and the
Legislature intended the conduct be punished only once. Id.; Ex parte Ervin, 991 S.W.2d
804, 814 (Tex. Crim. App. 1999). The court of appeals did not consider whether the
Legislature intended the conduct to be punished only once.

 We will not conduct an analysis of legislative intent for the first time in a petition for
discretionary review. See, e.g., Benavidez v. State, 323 S.W.3d 179, 183 & n.20 (Tex. Crim.
App. 2010) (in its discretionary review capacity, this Court reviews "decisions" of the courts
of appeals, and an issue that lower court did not pass upon is not ordinarily ripe for our
review). Instead, we grant Ground one of the State's Petition for Discretionary Review,
vacate the judgment of the court of appeals, and remand the cause to that court for further
consideration.



Delivered: November 2, 2011

Publish.