

## NUMBER 13-13-00182-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

RAYMOND BROUSSARD JR.,                                    Appellant,

v.

THE STATE OF TEXAS,                                    Appellee.

### On appeal from the 94th District Court of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Perkes
Memorandum Opinion by Justice Garza**

A jury convicted appellant, Raymond Broussard Jr., of robbery, a second-degree felony, and assessed punishment at eight years' imprisonment and a $10,000 fine. *See* TEX. PENAL CODE ANN. § 29.02 (a)(1), (b) (West 2011). By a single issue, appellant challenges the legal sufficiency of the evidence to support his conviction. We affirm.

## I. BACKGROUND

Curtis Manning, the alleged robbery victim, testified that he was home at his apartment in Corpus Christi, Texas, late in the evening on September 23, 2011. A woman he had met and exchanged phone numbers with the day before, "Cici" (later identified as Cecilia Jensen), called and said that she would come by later. Manning was outside when she arrived. Jensen, who was driving the vehicle, exited and quickly entered Manning's apartment, followed by two other men, later identified as appellant and Ricky Perales. Jensen opened Manning's refrigerator and handed cans of Coke to appellant and Perales. Manning told them to leave his house. Perales hit him in the head with his fist or a Coke can. At some point, a third passenger, later identified as Charles Harris, entered the apartment, and all three men beat Manning. The men took $70 in cash out of Manning's pocket. After Jensen and the men left, Manning called 911 and described the vehicle and a partial license plate number to the dispatcher.

Appellant, Harris, and Perales were tried together for robbery.[1] Jensen pleaded guilty to robbery before the trial. At trial, however, she testified that she did not commit robbery and that she had pleaded guilty only because her lawyer pressured her to do so.[2]

Jensen testified that she had known appellant for several months and that he lived with her in a motel room that she has rented. Jensen stated that she is a prostitute, that she had known Manning for several years, and that he had been a customer on about eight occasions. On the day of the incident, Jensen and Perales were using crack cocaine most of the day. Jensen went to Manning's apartment

---

[1] The jury found Perales guilty, but found Harris not guilty.

[2] The trial judge appointed another lawyer to represent Jensen during Broussard's trial.

because he owed her several hundred dollars. Appellant, Perales, and Harris went with her, but she did not tell them where she was going or why. There was no plan to rob anyone. Jensen stated that Manning had been using crack that day; that, when she arrived at his apartment, Manning "got all crazy" and became aggressive; and that what happened after that is "a blur."

Jensen and the others drove away from Manning's apartment. They were stopped by the police shortly thereafter based on Manning's description of the vehicle. Manning identified the vehicle's occupants as the robbers.

Perales testified that he knows Jensen and has seen her prostituting in the neighborhood. Jensen picked him up on the night of the incident to give him a ride to his sister's home. Perales stated that he, Harris, and appellant were in the vehicle when Jensen stopped at Manning's apartment. Appellant and Jensen went inside, but Perales and Harris waited outside. The apartment door was open. Perales saw Manning pull out a $50 bill and then Manning appeared to become aggressive and pushed Jensen. Appellant and Harris tried to calm Manning down. Manning "kind of went down, like fell down." Manning gave Jensen a $50 bill and a $20 bill. They left the apartment, with Jensen driving the vehicle.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

The court of criminal appeals has held that there is "no meaningful distinction between the *Jackson v. Virginia* legal sufficiency standard and the *Clewis* factual-sufficiency standard" and that the *Jackson* standard "is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a

3

reasonable doubt." *Brooks v. State*, 323 S.W.3d 893, 902–03, 912 (Tex. Crim. App. 2010) (plurality op.) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Accordingly, we review claims of evidentiary insufficiency under "a rigorous and proper application of the *Jackson* standard of review." *Id.* at 906–07, 912. Under the *Jackson* standard, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319; *see Brooks*, 323 S.W.3d at 898–99 (characterizing the *Jackson* standard as: "Considering all of the evidence in the light most favorable to the verdict, was a jury rationally justified in finding guilt beyond a reasonable doubt."). The fact-finder is the exclusive judge of the credibility of witnesses and of the weight to be given to their testimony. *Anderson v. State*, 322 S.W.3d 401, 405 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (citing *Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008)). Reconciliation of conflicts in the evidence is within the fact-finder's exclusive province. *Id.* (citing *Wyatt v. State*, 23 S.W.3d 18, 30 (Tex. Crim. App. 2000)). We must resolve any inconsistencies in the testimony in favor of the verdict. *Id.* (citing *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000)).

Sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.W2d 234, 240 (Tex. Crim. App. 1997). Such a charge is one that accurately sets out the law, is authorized by the indictment, and does not necessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.*

Here, the State was required to prove that appellant: (1) in the course of committing theft as defined in chapter 31 of the penal code, and (2) with intent to obtain or maintain control of the property, (3) intentionally, knowingly, or recklessly (4) caused bodily injury to Manning. *See* TEX. PENAL CODE ANN. § 29.02(a)(1); *Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011). The phrase "in the course of committing theft" is defined by section 29.01 of the penal code to mean "conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft." *See* TEX. PENAL CODE ANN. § 29.01 (West 2011); *Sorrells*, 343 S.W.3d at 155–56. A person commits theft under chapter 31 if he unlawfully appropriates property with intent to deprive the owner of the property. *See* TEX. PENAL CODE ANN. § 31.03(a) (West Supp. 2011); *Sorrells*, 343 S.W.3d at 156.

## III. DISCUSSION

The State argues that appellant's issue is inadequately briefed and presents nothing for review. *See* TEX. R. APP. P. 38.1; *Gallegos v. State*, 76 S.W.3d 224, 228 (Tex. App.—Dallas 2002, pet. ref'd).

Except for stating the applicable standard of review, appellant's argument, in its entirety, is as follows:

> Circumstantially, it appears as though Mr. Curtiss [sic] was a willing client of the prostitute Cecilia Jensen involved in this case. Curtiss's [sic] credibility was damaged by the circumstances surrounding his involvement in this case. The fact that he apparently was a customer of this prostitute who, coincidentally, knew exactly where he lived, combined with his coincidentally standing outside at the same time that the prostitute was returning to his house to collect money, reeks of untruthfulness. The $70 that Curtiss [sic] verified was taken from him obviously was payment for her prostitution services. The totality of the circumstances indicates that Curtiss [sic] did indeed utilize the services of a prostitute. It cannot be ascertained from the witnesses presented at trial what exactly the circumstances were that led to whatever dispute happened.

5

Because of the dearth of credible witnesses presented against the defendant, the jury's finding that defendant did commit the offense of aggravated robbery was erroneous due to legally sufficient evidence presented at trial. A new trial is required.[3]

Appellant's brief contains no citations to the record, does not discuss the elements of the offense, does not identify the specific element challenged, and does not discuss how the State's evidence is insufficient. The jury was charged on the law of parties, but appellant's brief does not mention or discuss the law of parties. *See* TEX. PENAL CODE ANN. §§ 7.01, 7.02 (West 2011). Accordingly, we conclude that appellant's issue is inadequately briefed and presents nothing for review. *See* TEX. R. APP. P. 38.1; *Gallegos*, 76 S.W.3d at 228; *see also Pierce v. State*, No. 10-09-00320-CR, 2010 WL 2683052, at *3 (Tex. App.—Waco July 7, 2010, no pet.) (mem. op., not designated for publication) ("At the very least, [appellant's brief] must direct the Court to an element or elements of the offense that is being challenged."); *Camacho v. State*, No. 08-06-00090-CR, 2008 WL 882640, at *4 (Tex. App.—El Paso April 3, 2008, no pet.) (not designated for publication) (finding issue inadequately briefed where evidence was not discussed, there were no citations to the record, and no argument pointing out how the evidence was insufficient or what element of the offense was insufficiently proven).

Nevertheless, in our sole discretion, we have reviewed the record under the appropriate standards. We conclude the evidence is sufficient to support appellant's conviction. The jury, as fact-finder, is the exclusive judge of the credibility of witnesses and of the weight to be given to their testimony. *Anderson*, 322 S.W.3d at 405. It is the jury's exclusive province to reconcile conflicts in the evidence. *Id.* The jury could have

---

[3] An appellate court finding that evidence is insufficient mandates that the appellant be acquitted. *Benavidez v. State*, 323 S.W.3d 179, 181 n.12 (Tex. Crim. App. 2010).

believed Manning's testimony and disbelieved any conflicting testimony. *See id.* Giving proper deference to the jury's role as fact-finder and viewing the evidence in the light most favorable to the verdict, *see id.*, we conclude the evidence is sufficient to support appellant's conviction. We overrule appellant's sole issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

_____
DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
15th day of August, 2013.