**AFFIRMED; Opinion Filed July 21, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-16-00069-CR
No. 05-16-00095-CR

**STEVEN KENT HOLLOWAY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 401-81683-2015 & 401-82104-2015**

# MEMORANDUM OPINION

Before Justices Bridges, Lang-Miers, and Evans
Opinion by Justice Evans

After a jury trial, Steven Kent Holloway was convicted of assault against a public servant and possession of methamphetamine less than one gram. The trial court assessed punishment in both cases. Finding the two enhancement allegations in the assault case to be "true," the trial court sentenced appellant to thirty years' imprisonment in that case. The trial court sentenced appellant to two years in a state jail facility for the possession case. In two issues, appellant challenges the assault conviction, asserting the evidence is insufficient to support the conviction and complaining the trial court abused its discretion in denying his request for a jury instruction

on the lesser included offense of resisting arrest, search, or transportation. For the reasons that follow, we affirm the trial court's judgments.[1]

## BACKGROUND

On April 15, 2015, uniformed Plano police officers responded to a 9-1-1 call from the manager of an electronic cigarette store in Plano asserting there was a white male in the store that was making the customers uncomfortable. The manager testified at trial that the person, later identified as appellant, first came into the store to use the restroom. After occupying the restroom for twenty to thirty minutes, appellant moved to the couch in the front of the store and started to fall asleep. The manager asked appellant to leave and he proceeded to sit on the curb in front of the store.

When Officer Chris Bush arrived at the scene to investigate the "suspicious person" call, he saw appellant sitting in the parking lot outside the store and engaged him in conversation until backup arrived. Bush, a drug recognition expert, suspected that appellant was under the influence of a CNS stimulant, such as methamphetamine. After Officer Donald Hutson arrived as backup, Bush testified he asked and received appellant's consent to search his person. During the search of appellant's left back pocket, appellant pulled away and tried to get away from the officer's grasp. A struggle ensued between appellant and the two officers. During the struggle, Hutson testified that appellant flipped him over appellant's back and Hutson landed on the pavement on his back. Hutson testified appellant then landed on top of him and he felt appellant's hand on his gun holster and felt appellant "grab and squeeze his groin," causing Hutson much pain. Bush testified that he saw appellant's hands near Hutson's groin and belt area and heard Hutson yell he was going for his "nuts." Ultimately, Hutson used pepper spray

---

[1] Although appellant has filed notice of appeals from both convictions, he has not raised any issues or complaint in his brief with respect to the possession conviction.

on appellant in an attempt to get him under control. According to Bush, it wasn't until additional backup arrived that both of appellant's hands were handcuffed. Bush found a small bag of methamphetamine in appellant's back left pocket. Appellant was arrested for assaulting an officer, resisting arrest or search, and possession of a controlled substance.

Another officer and four other lay witnesses testified for the prosecution about the events surrounding appellant's arrest. None of these witnesses, however, testified that they saw appellant grab Hutson. The prosecution also introduced into evidence police car video of the incident and one of the lay witnesses' cellphone video of a portion of appellant's struggle with the officers.

Appellant was the sole witness to testify for the defense. He testified that he did nothing wrong and that he did not consent to the search. According to appellant, when he pulled way, the officers beat him with their fists and sprayed him with mace. He denied hitting, grabbing, or squeezing an officer's testicles or gun.

## ANALYSIS

### A. Sufficiency of the Evidence

In his first issue, appellant challenges the sufficiency of the evidence supporting his conviction for assault against a public servant. We address sufficiency issues first because, in the event they are meritorious, we would render a judgment of acquittal rather than reverse and remand. *See Benavidez v. State*, 323 S.W.3d 179, 181 (Tex. Crim. App. 2010) (appellate courts render judgment of acquittal only when trial court's ruling amounts to de facto acquittal or appellate court finds evidence was legally insufficient to support conviction); *Owens v. State*, 135 S.W.3d 302, 305 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (legal-sufficiency challenge must be addressed first because if evidence is insufficient, reviewing court must render judgment of acquittal).

We review the sufficiency of the evidence of a criminal offense viewing the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found

the essential elements of the offense beyond a reasonable doubt. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007); *see also Jackson v. Virginia*, 443 U.S. 307 (1979); *Acosta v. State*, 429 S.W.3d 621, 624–25 (Tex. Crim. App. 2014). The factfinder has the duty to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Clayton*, 235 S.W.3d at 778. As a result, we determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Id*. When the record supports conflicting inferences, we presume the factfinder resolved the conflicts in favor of the verdict and therefore defer to that determination. *Id*. Direct and circumstantial evidence are treated equally: circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Id*.

Appellant was charged with the offense of assaulting a public servant. A person commits the offense of assault if the person "intentionally, knowingly, or recklessly causes bodily injury to another." TEX. PENAL CODE ANN. § 22.01(a)(1) (West Supp. 2016). The offense is ordinarily a Class A misdemeanor, except that the offense is a third degree felony if it is committed against "a person the actor knows is a public servant while the public servant is lawfully discharging an official duty. . . ." *Id*. § 22.01(b)(1). The penal code broadly defines public servant as "a person elected, selected, appointed, employed, or otherwise designated as . . . an officer, employee, or agent of government." *See id*. § 1.07(41). The indictment alleged that appellant caused bodily injury to Officer Hutson by grabbing him with appellant's hand while Hutson was discharging his official duty.

Appellant asserts the evidence is insufficient because the State failed to prove beyond a reasonable doubt that appellant caused bodily injury to Hutson by grabbing the officer. He asserts none of the five civilian witnesses or other two police officer witnesses testified that they saw appellant grab Hutson's testicles. Hutson testified, however, that appellant grabbed and squeezed his

–4–

groin causing him much pain.[2]  Moreover, Bush corroborated Hutson's testimony when he testified that he saw appellant's hands near Hutson's groin and belt area and heard Hutson yell appellant was going for "his nuts."  Viewing the evidence in the light most favorable to the verdict, we conclude a rational fact finder could have found beyond a reasonable doubt that appellant committed the offense of assault on a public servant.  We resolve appellant's first issue against him.

### B.      Lesser-Included Offense

In his second issue, appellant asserts the trial court abused its discretion by denying his request for the lesser included charge of resisting arrest, search, or transportation.   We apply a two-pronged test to determine if the trial court should have given a jury charge on a lesser-included offense.  *Hall v. State*, 225 S.W.3d 524, 535–36 (Tex. Crim. App. 2007).  We first determine if the proof necessary to establish the charged offense includes the lesser offense.  *Id*.  This is a question of law and does not depend on evidence to be introduced at trial.  *Id*.  If the first step is satisfied, we then review the evidence to determine that if appellant is guilty, he is guilty only of the lesser offense.  *Id*. at 536.  The second step is a question of fact and is based on the evidence presented at trial. *Cavazos v. State*, 382 S.W.3d 377, 383 (Tex. Crim. App. 2012). This step requires us to determine whether "there is some evidence in the record which would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser-included offense." *Rice v. State*, 333 S.W.3d 140, 145 (Tex. Crim. App. 2011).

Appellant argues that the jury should have been given an instruction on the offense of resisting arrest because none of the five civilian witnesses or two other police officers testified they saw appellant grab Hutson's testicles and all testified that appellant's behavior constituted resisting arrest.  We do not agree with appellant's argument or analysis of this issue.  An offense

---

[2] Appellant relegates Hutson's testimony to a footnote in his brief and does not even address this evidence in his sufficiency analysis.  Instead, he focuses only on what the witnesses did not see.

is a lesser included offense if (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged, (2) it differs from the charged offense only in that a less serious injury or risk of injury to same subject suffices to establish its commission, (3) it differs from the offense charged only in that a less culpable mental state suffices to establish its commission, or consists of an attempt to commit the charged offense. *See* TEX. CODE CRIM. PROC. ANN. art. 37.09 (West 2006). The indictment here charged appellant with assault on a public servant alleging he intentionally, knowingly, and recklessly caused bodily injury to Hutson "by grabbing [Hutson] with defendant's hand" knowing Hutson was a public servant lawfully discharging an official duty. A person commits assault on a public servant if the person (1) intentionally, knowingly, or recklessly (2) causes bodily injury, (3) to a person he knows is a public servant (4) while the public servant is discharging an official duty. *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(1). On the other hand, a person commits the offense of resisting arrest, search, or transportation, if he (1) intentionally (2) prevents or obstructs a person he knows is a peace officer (3) from effecting his arrest, search, or transportation (4) by using force against the peace officer. *Id.* § 38.03(a) (West 2016).

The offense of resisting arrest has several elements that are not the same or less than those of an assault on a public servant offense. Specifically, assault on a public servant contains a reckless mental state, requires bodily injury to the officer, and the public servant to be lawfully discharging an official duty while resisting arrest requires intentional conduct, need not involve bodily injury to the officer, and requires proof the actor used force to prevent or obstruct the actor's arrest, search or transportation. *See Steele v. State,* 490 S.W.3d 117, 128 (Tex. App.—Houston [1st Dist.] 2016, no pet.), *Wiethorn v. State*, No. 03-09-00036-CR, 2012 WL 753163 at *3 (Tex. App.—Austin Mar. 7, 2012, pet. ref'd) (mem. op., not designated for publication). Because the offense of resisting arrest was not included within the proof necessary to establish

the charged offense of assault on a public servant as alleged in the indictment, appellant's lesser included offense request fails the first step of the required analysis. *See Steele*, 490 S.W.3d at 128; *Weithor*n, 2012 WL 753163 at*3. Accordingly, the trial court did not err in refusing appellant's request. We resolve appellant's second issue against him.

## CONCLUSION

Having resolved both of appellant's issues against him, we affirm the trial court's judgments.


/David W. Evans/
DAVID EVANS
JUSTICE


Do Not Publish
TEX. R. APP. P. 47
160069F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

STEVEN KENT HOLLOWAY, Appellant

No. 05-16-00069-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial District Court, Collin County, Texas
Trial Court Cause No. 401-81683-2015.
Opinion delivered by Justice Evans, Justices Bridges and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 21st day of July, 2017.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

STEVEN KENT HOLLOWAY, Appellant

No. 05-16-00095-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial District Court, Collin County, Texas
Trial Court Cause No. 401-82104-2015
Opinion delivered by Justice Evans, Justices Bridges and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 21st day of July, 2017.