**Reversed and Rendered and Opinion filed June 1, 2023.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-22-00273-CR

**SALAR BABAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 482nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1578628**

## O P I N I O N

A jury found Appellant guilty of bodily-injury assault of a family member with a prior conviction and assessed punishment at six years' confinement. *See* Tex. Penal Code Ann. § 22.01(a)(1), (b)(2)(A). Appellant appealed and asserts (1) the evidence is legally insufficient to support his conviction because a hypothetically correct jury charge could not contain an instruction on bodily-injury assault, and (2) he was denied reasonably effective assistance of counsel at trial. For the reasons below, we sustain Appellant's first issue in part, reverse the

judgment of conviction, and render a judgment of acquittal.

## BACKGROUND

Appellant was arrested following an incident with his wife, Complainant, during which Complainant said Appellant assaulted and suffocated her. The State indicted Appellant for one count — occlusion assault with a prior conviction. *See* Tex. Penal Code Ann. § 22.01(a)(1), (b-3). The indictment tracked the statutory language and alleged as follows:

> The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, [Appellant], hereafter styled the Defendant, heretofore on or about December 24, 2017, did then and there unlawfully, intentionally, and knowingly cause bodily injury to [Complainant], a person with whom the Defendant had a dating relationship, by impeding the normal breathing or circulation of the blood of the Complainant by blocking the Complainant's nose and blocking the Complainant's mouth.

> It is further presented that, before the commission alleged above, the Defendant, on October 14, 2015, in the County Criminal Court at Law No. 12 of Harris County, Texas, in Cause Number 2005733, was convicted of Assault – Family Member, which was committed against a person with whom the Defendant had a dating relationship.

Appellant proceeded to a four-day trial in March 2022. After the parties rested, the charge given to the jury submitted two offenses: occlusion assault with a prior conviction and bodily-injury assault with a prior conviction. The jury acquitted on occlusion assault but convicted Appellant of bodily-injury assault. The trial court entered judgment on the guilty verdict and Appellant appealed.

## ANALYSIS

Appellant raises two issues on appeal and asserts:

1.     the trial court erred by submitting to the jury the offense of bodily-

2

injury assault and the evidence is legally insufficient to support Appellant's conviction for this offense; and

2. Appellant received ineffective assistance of counsel at trial.

We examine these issues individually.

## I.      Charge Error and Sufficiency of the Evidence

As set out above, Appellant raises two arguments in his first issue; we begin with his challenge to the jury charge.

### A.      Standard of Review for Charge Error

In a criminal case, we review complaints of charge error in two steps. *Cortez v. State*, 469 S.W.3d 593, 598 (Tex. Crim. App. 2015); *Wesley v. State*, 605 S.W.3d 909, 914-15 (Tex. App.—Houston [14th Dist.] 2020, no pet.).  First, we examine whether error exists in the charge. *Ngo v. State*, 175 S.W.3d 738, 743-44 (Tex. Crim. App. 2005) (en banc); *Wesley*, 605 S.W.3d at 915.  Second, we review the record to determine whether sufficient harm was caused by the error to require reversal of the conviction.  *Ngo*, 175 S.W.3d at 743-44; *Wesley*, 605 S.W.3d at 915.

The degree of harm necessary for reversal depends on whether the appellant preserved error by objecting to the charge. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (en banc); *Wesley*, 605 S.W.3d at 915.  When, as here, charge error is not preserved, reversal is not required unless the resulting harm is egregious. *Almanza*, 686 S.W.2d at 171; *Wesley*, 605 S.W.3d at 915; *see also* Tex. Code Crim. Proc. Ann. art. 36.19.

Charge error is egregious when it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006); *Wesley*, 605 S.W.3d at 915.

3

The error must have been so harmful that the defendant was effectively denied a fair and impartial trial. *Almanza*, 686 S.W.2d at 172. Neither party has the burden to show harm. *Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013).

## B.     Governing Law and Application

In his first issue, Appellant asserts the trial court erred by instructing the jury on bodily-injury assault because it is not a lesser included offense of occlusion assault.

Determining whether the submission of a lesser included offense constitutes error generally requires a two-step inquiry. *See Hall v. State*, 225 S.W.3d 524, 535 (Tex. Crim. App. 2007). The first step "compare[s] the statutory elements of the alleged lesser offense and the statutory elements and any descriptive averments in the indictment." *Ritcherson v. State*, 568 S.W.3d 667, 670-71 (Tex. Crim. App. 2018).

In making this comparison, we do not consider any evidence; we look only to the statutory elements and the indictment. *See Ex parte Watson*, 306 S.W.3d 259, 273 (Tex. Crim. App. 2009) (per curiam). Based on our review of the statutory elements and the indictment, an offense may be considered a lesser included offense of the charged offense when it is within the proof necessary to establish the charged offense. *See* Tex. Code Crim. Proc. Ann. art. 37.09(1); *Bullock v. State*, 509 S.W.3d 921, 924 (Tex. Crim. App. 2016). An offense is within the proof necessary to establish the charged offense if the indictment either (1) alleges all elements of the lesser included offense, or (2) alleges elements plus facts (including descriptive averments, such as non-statutory manner and means, that are alleged for providing notice) from which all elements of the lesser included offense may be deduced. *State v. Meru*, 414 S.W.3d 159, 162 (Tex. Crim. App. 2013).

4

If the first inquiry is answered in the affirmative, we proceed to the second step and analyze whether the evidence at trial raised the lesser included offense. *See Rice v. State*, 333 S.W.3d 140, 148 (Tex. Crim. App. 2011); *Hall*, 225 S.W.3d at 536. Evidence supports an instruction on a lesser included offense if it permits a rational jury to find the defendant guilty only of that offense. *Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011).

As set out above, the language of the indictment tracked the statutory elements necessary to prove occlusion assault:

1.   that the defendant intentionally or knowingly

2.   caused bodily injury to the complainant

3.   by impeding her normal breathing or circulation of blood by applying pressure to her throat or neck and blocking her nose or mouth and

4.   that the complainant either was a member of the defendant's family, was a member of his household, or was or had been in a dating relationship with him.

*See* Tex. Penal Code Ann. § 22.01(a)(1), (b)(2)(B). The indictment also alleged that Appellant had a prior conviction for assault of a family member.

The jury charge also submitted the offense of bodily-injury assault of a family member with a prior conviction. In addition to the prior conviction, this offense requires proof of the following elements:

1.   that the defendant intentionally, knowingly, or recklessly

2.   caused bodily injury to the complainant and

3.   the complainant was a member of the defendant's family.

*Id*. § 22.01(a)(1), (b)(2)(A). "Bodily injury" is broadly defined and includes "physical pain, illness, or any impairment of physical condition." *Id*. § 1.07(a)(8).

The Court of Criminal Appeals recently addressed whether bodily-injury

5

assault can properly be considered a lesser included offense of occlusion assault. *See Ortiz v. State*, 623 S.W.3d 804, 806-09 (Tex. Crim. App. 2021). There, the Court resolved appeals from two cases in which the defendants requested submission of bodily-injury assault as a lesser included offense of occlusion assault. *Id*. Comparing the offenses' statutory elements, the Court reasoned that:

> [i]mpeding normal breathing or blood circulation describes occlusion assault's required injury. Because statutory language describes the required injury as impeding, the State is bound to prove impeding.
>
> Impeding is "a form of bodily injury." But other injuries are not impeding. **Since the statute specifies impeding, it excludes other injuries**.

*Id*. at 807 (internal citations omitted) (emphasis added). Concluding that the defendants were not entitled to "instructions for the lesser offense of bodily-injury assault for non-impeding injuries," the Court held that "non-impeding injuries are not included in occlusion assault because they were not proven by the same or less facts than required to prove occlusion assault; they are proven by different, additional facts." *Id*. at 808-09.

The Austin Court of Appeals recently applied *Ortiz*'s reasoning in circumstances similar to those presented here. *See McCall v. State*, 635 S.W.3d 261, 267-71 (Tex. App.—Austin 2021, pet. ref'd). There, the indictment charged the defendant with occlusion assault and, at trial, the charge submitted to the jury included occlusion assault and bodily-injury assault as a lesser-included offense. *Id*. at 264-65. The jury acquitted the defendant of occlusion assault but found him guilty of bodily-injury assault. *Id*. at 265.

Holding that bodily-injury assault was not available as a lesser included offense for occlusion assault, the court reasoned:

> Considering the jury charge and the relevant statutory elements in light of *Ortiz*, we conclude that in this case simple bodily-injury

assault is not an included offense of occlusion assault because specifying an occlusion injury is exclusive of proof of other bodily injuries. Thus, proving a different bodily injury proves a different assault rather than an included one. The indictment contains nothing modifying occlusion assault's statutory elements, save for naming the complainant. Constrained by *Ortiz*, we conclude that the trial court erred by submitting simple bodily-injury assault over [the defendant's] objection.

*Id*. at 268. The court reversed the judgment of conviction and rendered an acquittal for occlusion assault. *Id*. at 271.

Here too, the indictment in this case charged Appellant only with occlusion assault — it contained nothing modifying the statutory elements necessary to prove this offense. Nonetheless, the submitted charge permitted the jury to consider whether Appellant was guilty of bodily-injury assault as a lesser included offense of occlusion assault. But as illustrated by the reasoning of *Ortiz* and *McCall*, the submission of this instruction constituted error: occlusion assault specifies impeding and is exclusive of proof of other bodily injuries. *See* Tex. Penal Code Ann. §§ 22.01(a)(1), (b)(2)(A), (b-3); *see also Ortiz*, 623 S.W.3d at 806-09; *McCall*, 635 S.W.3d at 267-71. Therefore, bodily-injury assault was not within the proof necessary to establish the charged offense and could not properly be submitted as a lesser included offense of occlusion assault. *See Ortiz*, 623 S.W.3d at 806-09; *McCall*, 635 S.W.3d at 267-71.

We proceed to consider whether this error harmed Appellant. *See Ngo*, 175 S.W.3d at 743-44; *Wesley*, 605 S.W.3d at 915. Because the record does not show that Appellant objected to the submission of bodily-injury assault in the jury charge, we reverse only if the resulting harm is egregious. *See Almanza*, 686 S.W.2d at 171; *Wesley*, 605 S.W.3d at 915.

An error that permits the jury to convict a defendant for an uncharged

7

offense that was not a lesser included offense of the charged offense egregiously harms the defendant. *See Trejo v. State*, 313 S.W.3d 870, 874 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) ("we hold appellant was egregiously harmed by the trial court's submission of a charge authorizing the jury to convict appellant for an unindicted offense"); *see also Schmuck v. United States*, 489 U.S. 705, 717 (1989) ("It is ancient doctrine of both the common law and of our Constitution that a defendant cannot be held to answer a charge not contained in the indictment brought against him."). Therefore, the trial court's error egregiously harmed Appellant and warrants the reversal of his conviction for bodily-injury assault. *See, e.g.*, *McCall*, 635 S.W.3d at 267-71.

Arguing against this result, the State asserts that "the record is insufficient in this case to show any error." Specifically, the State points out that the record does not show whether Appellant or the State requested the bodily-injury assault charge or whether either party objected to its inclusion. The State cites *Woodard v. State*, 322 S.W.3d 648 (Tex. Crim. App. 2010), to support its contention.

In *Woodard*, the Court of Criminal Appeals reviewed the appellate court's determination that the submission of an unindicted offense was charge error that egregiously harmed the appellant. *Id*. at 649. Reversing the appellate court's decision, the Court of Criminal Appeals held that the appellant could not raise his complaint for the first time on appeal because "[t]he record reflects that appellant helped prepare the charge, including the instruction related to the unindicted charge of conspiracy to commit aggravated robbery." *Id*. at 659. This, the Court reasoned, was "a great deal more than just simply not objecting to the charge or just stating 'no objection' to the charge." *Id*. Because of this "course of conduct," the appellant was "estopped" from complaining of the offense's inclusion in the charge. *Id*.

But the facts of *Woodard* are not analogous to those presented here. The record of the underlying proceedings does not show that Appellant had any involvement with the inclusion of bodily-injury assault in the jury charge. Nor does the record show which party requested the instruction or whether there were any objections. Therefore, Appellant is not estopped from raising for the first time on appeal his challenge to the inclusion of bodily-injury assault in the jury charge.

In sum, we sustain Appellant's first issue in part and conclude the trial court erred by submitting bodily-injury assault in the jury charge as a lesser included offense of occlusion assault. Appellant's remedy is a reversal of the judgment of conviction and a rendition of acquittal for the offense with which he was charged and for which the jury acquitted him — occlusion assault.

## C.     Standard of Review for Legal Sufficiency and Application

In circumstances like these, Appellant — although acquitted for the indicted offense — may still be retried for the unindicted offense for which he was convicted at trial. *See Benavidez v. State*, 323 S.W.3d 179, 182-83 (Tex. Crim. App. 2010); *see also, e.g.*, *McCall*, 635 S.W.3d at 272-74; *Trejo*, 313 S.W.3d at 874. Because of this possibility, we also consider the second argument raised in Appellant's first issue: whether legally sufficient evidence supports the jury's finding that Appellant was guilty of bodily-injury assault with a prior conviction.

For a legal sufficiency review, we view all the evidence in the light most favorable to the verdict to determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Ramjattansingh v. State*, 548 S.W.3d 540, 546 ((Tex. Crim. App. 2018). The factfinder is the sole judge of the credibility of witnesses and the weight assigned to their testimonies; we do not usurp this role by substituting our judgment for that of the factfinder. *Queeman v. State*, 520 S.W.3d

9

616, 622 (Tex. Crim. App. 2017); *Dowling v. State*, 608 S.W.3d 896, 899 (Tex. App.—Houston [14th Dist.] 2020, no pet.). Circumstantial evidence is as probative as direct evidence in establishing a defendant's guilt, and circumstantial evidence alone can be sufficient to establish guilt. *Nisbett v. State*, 552 S.W.3d 244, 262 (Tex. Crim. App. 2018).

We set out above the elements necessary to prove bodily injury assault with a prior conviction. *See* Tex. Penal Code Ann. § 22.01(a)(1), (b)(2)(A). The evidence heard at trial would permit a factfinder to find the essential elements of this offense beyond a reasonable doubt.

Testifying at trial, Complainant said she and Appellant were married in 2017. According to Complainant, on December 24, 2017, Appellant returned to their apartment with another woman whom Complainant did not know. Complainant said the woman was "angry" and "tried to attack" Complainant. Complainant said she showed the woman her and Appellant's marriage certificate and Appellant "pushed" the woman outside of the apartment. According to Complainant, Appellant then hit Complainant and kicked her in the stomach. Complainant said Appellant also put a pillow and his hands over her face. Complainant said she had injuries to her legs and stomach after the incident with Appellant. Complainant said she also was concerned that the incident with Appellant caused her to miscarry. Complainant went to the hospital a few days later.

Dr. Aiyejorun, an emergency room physician, also testified at trial. Dr. Aiyejorun said Complainant arrived at the hospital several days after the incident complaining of vaginal bleeding. Dr. Aiyejorun said Complainant was about ten weeks along in her pregnancy and was diagnosed with "a large subchorionic hematoma." According to Dr. Aiyejorum, a subchorionic hematoma could be

10

caused by a kick to the stomach.

Also admitted into evidence was a "Judgment of Conviction by Jury," showing that Appellant previously was convicted of assault of a family member in October 2015.

This evidence, taken together, would permit the jury to find beyond a reasonable doubt that Appellant committed bodily-injury assault with a prior conviction. *See* Tex. Penal Code Ann. § 22.01(a)(1), (b)(2)(A); *Jackson*, 443 U.S. at 319; *Ramjattansingh*, 548 S.W.3d at 546. Although Appellant testified that he did not hit, kick, or assault Complainant during the incident described above, the jury, in its role as factfinder, was free to disregard this testimony in favor of the other evidence supporting its verdict. *See Queeman*, 520 S.W.3d at 622; *Dowling*, 608 S.W.3d at 899.

We therefore hold that legally sufficient evidence supports the jury's finding that Appellant was guilty of bodily-injury assault with a prior conviction. Accordingly, there is no legal-insufficiency double-jeopardy bar to trying Appellant for bodily-injury assault. *See, e.g.*, *McCall*, 635 S.W.3d at 274. We overrule the legal-sufficiency challenge raised in Appellant's first issue.

Because of our disposition of Appellant's first issue, we need not address his second issue challenging the effectiveness of counsel at trial.

## CONCLUSION

We reverse the trial court's judgment of conviction and render a judgment of acquittal on the charged felony offense of occlusion assault.

11

/s/    Meagan Hassan
Justice

Panel consists of Justices Bourliot, Hassan, and Poissant.

Publish — Tex. R. App. P. 47.2(b).