

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-0233-22

---

### RUBEN ORTIZ HARO, Appellant

### v.

### THE STATE OF TEXAS

---

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRD COURT OF APPEALS
### TOM GREEN COUNTY

---

*Per curiam.*

## O P I N I O N

Following his open plea of guilty, Appellant was convicted of one count of possession of child pornography and one count of promotion of child pornography. *See* TEX. PENAL CODE § 43.26(a), (e). He was sentenced to 10 and 15 years in prison, respectively, with the sentences to run concurrently. On appeal, the court of appeals found the convictions violated double jeopardy because they imposed multiple punishments for

the same offense, and it reversed the possession conviction. *Haro v. State*, No. 03-20-00128-CR, 2022 WL 1019564, 2022 Tex. App. LEXIS 2211 (Tex. App.—Austin Apr. 6, 2022) (mem. op., not designated for publication). The sole basis for the court's conclusion was its application of the "same elements" test under *Blockburger v. United States*. *Id.* at *2 (citing 284 U.S. 299, 304 (1932)); *see also id.* at *5 (holding that, "[w]ithout a clear expression by the Legislature that it intended multiple punishments when a defendant both promotes and possesses unspecified proscribed visual material, Haro's two offenses are the same for double-jeopardy purposes").

The State filed a petition for discretionary review challenging the court of appeals' failure to conduct a "units" analysis before finding a double-jeopardy violation here. We granted the State's petition, and the parties briefed the issue. After reviewing the court of appeals' opinion and the parties' arguments, we agree with the State that the court of appeals erred in this respect. When two distinct statutory provisions are at issue, the offenses must be considered the same under both an "elements" analysis and a "units" analysis for a double-jeopardy violation to occur. *Ex parte Benson*, 459 S.W.3d 67, 73 (Tex. Crim. App. 2015) ("Even when the offenses in question are proscribed by a single statute or are otherwise the same under an 'elements' analysis, the protection against double jeopardy is not violated if the offenses constitute separate allowable units of prosecution."). While the court of appeals cited *Benson* in passing in the course of conducting its *Blockburger* analysis, it did not reference the pertinent holding from *Benson* and ultimately failed to conduct a "units" analysis under the framework set forth in that decision. *Haro*, 2022 WL 1019564, at *2, *5.

Having granted review in this case, upon further consideration, we believe the most appropriate course is to vacate the court of appeals' judgment and remand so that the court of appeals may conduct the proper analysis in the first instance. *See, e.g., Benavidez v. State*, 323 S.W.3d 179, 183 & n.20 (Tex. Crim. App. 2010) (stating that, in our discretionary review capacity, this Court reviews "decisions" of the courts of appeals, and an issue that the lower court did not pass upon is ordinarily not ripe for our review). Therefore, we vacate the lower court's judgment, and we remand this case to the court of appeals to conduct a "units" analysis and for further proceedings consistent with this opinion.

DELIVERED: September 27, 2023

DO NOT PUBLISH