

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1277-14

### Ex parte JUAN CARLOS REYES, Appellee

### ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE EIGHTH COURT OF APPEALS
### EL PASO COUNTY

**KELLER, P.J., delivered the opinion of the unanimous Court.**

In a habeas application attacking a judgment that imposed community supervision, appellee raised five grounds. Evidence supporting all of these grounds was submitted in either affidavit form or through witnesses at a live hearing. The trial court granted relief on the first ground and did not address the remaining four grounds. Holding that the trial court erred in granting relief on the first ground, the court of appeals reversed the trial court's judgment and rendered judgment reinstating the guilty plea. We conclude that the court of appeals should have remanded the case to the trial court to resolve appellee's remaining claims. Consequently, we reverse the judgment of the court of appeals and remand the case to the trial court for further proceedings.

## I. BACKGROUND

Appellee was charged with family-violence assault. Pursuant to an agreement, he pled guilty and was placed on community supervision. In a habeas application under Article 11.072,[1] appellee attacked the community-supervision judgment on five grounds. In his first ground, he contended that his trial attorney failed to inform him—in violation of *Padilla*[2]— that the judgment would subject him to deportation.[3] In his remaining grounds, appellee contended that his trial attorney was ineffective for failing to adequately investigate the case, that the attorney was ineffective for failing to advise appellee regarding the law of self-defense, that appellee's guilty plea was not knowingly and intentionally made, and that appellee was actually innocent of the offense.[4]

---

[1] TEX. CODE CRIM. PROC. art. 11.072.

[2] *Padilla v. Kentucky*, 559 U.S. 356 (2010).

[3] This ground reads: "Trial counsel's failure to inform Applicant Reyes that a guilty plea to the Class 'A' assault/family violence charge would subject him to removal from the United States deprived him of effective assistance of counsel because this omission on the part of trial counsel caused Reyes to enter into a guilty plea which was not knowingly and voluntarily made."

[4] These grounds read as follows:

> 2. Trial counsel's failure to conduct an independent investigation of the facts of the case deprived Reyes of effective assistance of counsel since at least three witnesses to the assault could have provided testimony establishing that it was Hilda Maldonado who assaulted Reyes and that Reyes' conduct was justified under the law of self defense.

> 3. Trial counsel's failure to advise Reyes concerning the law of "self defense" deprived Reyes of effective assistance of counsel since Reyes would not have otherwise pled guilty to the Class "A" assault charge.

> 4. Applicant's guilty plea should be vacated and set aside because it was not knowingly and intentionally made.

> 5. Applicant Reyes is actually innocent of the Class "A" assault/family offense of

In support of his application, appellee filed several affidavits, including his own. In his own affidavit, appellee stated that his attorney made no attempt to ascertain appellee's version of the facts regarding the incident upon which the assault charge was based. Appellee claimed that he would have told his attorney that the complainant was the aggressor, that she slapped him several times, and that he merely pushed her out of the way in order to escape her assault. He also claimed that his attorney failed to inform him that bodily injury was an element of assault and failed to explain the law of self-defense. Appellee claimed that if these laws had been explained to him, he would not have pled guilty. Appellee also claimed that his attorney failed to explain that a plea of guilty to the assault offense would subject him to removal from the United States.

A hearing was held at which witnesses testified and the attorneys for the parties made arguments. One of the witnesses testified to being present during the altercation between appellee and the complainant and backed up appellee's side of the story. Other witnesses testified that they were in the general vicinity, that the complainant seemed to be the aggressor, and that appellee was a peaceful person.

Near the end of the hearing, the trial court stated that it would have to review the proposed findings of fact and conclusions of law from both sides, make a determination, and submit an opinion and order. The trial court further stated, "I don't think I'm going to adopt, lock, stock and barrel, either side's findings of fact." When asked by defense counsel about the actual-innocence issue, the trial court stated:

I don't think I can, based on that finding, make an actual innocence finding.

which he was convicted in this cause.

\* \* \*

My understanding of actual innocence—again, not having thoroughly researched it, you need rock-solid conclusive proof, like clear DNA evidence that shows it was not this guy; it was somebody else.

\* \* \*

I mean, the State still has the opportunity to bring in the arresting officer or bring in the victim or bring in anybody else. And I'm not prepared to say, at this point, that I can make an absolute—there is no issue of actual innocence finding. I don't think I can. But I will—I'll consider both sides' proposals, and I will try to get an order out probably in the next few days.

The trial court granted relief on the *Padilla* claim and issued favorable findings of fact and conclusions of law with respect to that claim. In its conclusions of law, the trial court stated that *Padilla* applied retroactively. The findings of fact and conclusions of law did not address appellee's other claims, and the trial court did not otherwise purport to rule on those claims.

The State appealed. In a motion to abate, filed on January 30, 2013, the State complained that the trial court's findings and conclusions on the *Padilla* issue were inadequate. On February 14, 2013, the court of appeals granted the State's motion and abated the appeal for further findings of fact and conclusions of law. The trial court made additional findings of fact on the *Padilla* claim that were favorable to appellee, but it made one unfavorable conclusion of law: In light of *Chaidez v. United States*,[5] handed down on February 20, 2013, the trial court reconsidered its earlier conclusion that *Padilla* applied retroactively and observed that the Supreme Court held that *Padilla* did not apply retroactively in a federal felony conviction case. However, the trial court expressed no conclusion in the supplemental findings as to the ultimate disposition of the case, and the case was returned to the court of appeals.

---

[5] 133 S. Ct. 1103 (2013).

Relying on *Chaidez* and *Ex parte De Los Reyes*,[6] the court of appeals held that *Padilla* did not apply retroactively, and, as a result, appellee was not entitled to relief on the *Padilla* claim.[7] In passing, the court of appeals observed that, while the trial court made findings of fact that could ostensibly support appellee's non-*Padilla* claims,[8] the trial court did not rely upon any non-*Padilla* theory of law to support its ruling granting appellee relief.[9] In a footnote, the court of appeals declined appellee's invitation to remand the case to the trial court to allow for further development of the record because appellee was given "a meaningful opportunity at two hearings to develop an evidentiary record to support his claim of ineffective assistance of counsel."[10] Consequently, the court of appeals reversed the trial court's order of relief and rendered judgment reinstating appellee's guilty plea.[11]

## II. ANALYSIS

We have held that an appellate court "is not required to address issues that become moot because of the resolution of other issues."[12] Similarly, in the context of Articles 11.07 and 11.071,[13]

---

[6] 392 S.W.3d 675 (Tex. Crim. App. 2013).

[7] *Ex parte Reyes*, No. 08-12-00261-CR, slip op. at 6-8, 2014 Tex. App. LEXIS 7086 at *8-13 (Tex. App.–El Paso June 30, 2014) (not designated for publication).

[8] *Id.*, slip op. at 8, 2014 Tex. App. LEXIS 7086 at *11-12 ("We do not dispute that the trial court made additional findings of fact that could ostensibly support Reyes's claims he was actually innocent and he received ineffective assistance because his counsel failed to conduct an independent investigation and inform him of the law of self-defense.").

[9] *Id.*, slip op. at 8, 2014 Tex. App. LEXIS 7086 at *12.

[10] *Id.*, slip. op. at 9 n.5, 2014 Tex. App. LEXIS 7086 at *13-14 n.5.

[11] *Id.*, slip. op. at 9, 2014 Tex. App. LEXIS 7086 at *13.

[12] *Morales v. State*, 357 S.W.3d 1, 8 n.27 (Tex. Crim. App. 2011); *Karanev v. State*, 281 S.W.3d 428, 434 n.53 (Tex. Crim. App. 2009); *State v. Plambeck*, 182 S.W.3d 365, 367 n.10 (Tex.

this Court has held that it may decline to address an issue that did not need to be addressed because of the disposition of another issue.[14] Article 11.072 provides that the "trial court shall enter a written order granting or denying the relief sought in the application"[15] and that the written order shall "includ[e] findings of fact and conclusions of law" unless the application is denied as frivolous.[16] This language does not explicitly require a trial court that grants relief to address every possible basis for doing so, and we think that the principle that a court may decline to address issues that are not necessary to the court's disposition applies equally to the Article 11.072 habeas context, in which the trial court is tasked with disposing of the habeas application.[17] So, when an Article 11.072 habeas applicant advances multiple issues that would entitle him to relief, the trial court may limit

---

Crim. App. 2005).

   [13] TEX. CODE CRIM. PROC. arts. 11.07, 11.071.

   [14] *See Ex parte Overton*, 444 S.W.3d 632, 641 (Tex. Crim. App. 2014) ("Because we are granting relief on Applicant's first claim of ineffective assistance of counsel, there is no need for us to address the second issue of whether the State failed to disclose exculpatory evidence."); *Ex parte Chabot*, 300 S.W.3d 768, 769 n.3 (Tex. Crim. App. 2009) ("The applicant also requested relief under the due-course-of-law provision in Article I, Section 13 of the Texas Constitution, as well as 'related statutes.' Due to our disposition of the applicant's claim under the United States Constitution, we do not address his state-law claims."); *Ex parte Varelas*, 45 S.W.3d 627, 629 n.1 (Tex. Crim. App. 2001) ("Applicant also asserts that his trial counsel was ineffective for failing to challenge the admissibility of statements taken in violation of the Vienna Convention. Because we grant applicant a new trial based on the disposition of the jury instruction issue, it is unnecessary to address the merits of his Vienna Convention claim.").

   [15] TEX. CODE CRIM. PROC. art. 11.072, § 6(a).

   [16] *Id.* § 7(a).

   [17] *See Ex parte Garcia*, 353 S.W.3d 785, 787-88 (Tex. Crim. App. 2011) (Unlike in Article 11.07 and 11.071 proceedings, in Article 11.072 proceedings, the trial court is the sole finder of fact, and the courts of appeals and this Court preside over such proceedings only in an appellate capacity.).

its grant of relief to only one of the issues, as long as the court does not neglect an issue that would result in greater relief than the one addressed.[18]  Although it may not seem so here, this rule serves the principle of judicial economy by allowing a court to grant relief on a claim when entitlement to relief is obvious without having to spend time and resources resolving more difficult claims that, even if decided in the habeas applicant's favor, would afford him no greater relief.

Consequently, when the trial court granted appellee relief on the *Padilla* claim, it was not required to address appellee's other ineffective-assistance-of-counsel claims.  A declaration of actual innocence, because of its impact on a defendant's reputation, affords greater relief than merely granting a new trial, so in the usual case, we might decide that appellee forfeited his actual-innocence claim by failing to pursue it in the trial court.  But because we have not, before now, explicitly labeled actual-innocence relief as a greater form of relief than a new trial, we do not fault the trial court and the parties for failing to dispose of this claim at the time relief was granted on the *Padilla* claim.[19]  And when the court of appeals later abated the case on the State's motion for further findings and conclusions on the *Padilla* claim, the appellate court still had jurisdiction of the case, since it was on appeal from a grant of relief, and the abatement appeared to have been for the limited purpose of addressing the assertions in the State's motion.  Appellee did not forfeit his claims by

---

[18]  *See Benavidez v. State*, 323 S.W.3d 179, 182-83 (Tex. Crim. App. 2010) (An appellant who has established a claim of trial error is still entitled to appellate consideration of a sufficiency of the evidence claim because the relief for such a claim is greater than for a claim of trial error.).

[19]  Appellee suggested to the trial court that his actual-innocence claim would result in barring a retrial, but we have granted only new trials in connection with such claims.  *See Ex parte Calderon*, 309 S.W.3d 64, 71 (Tex. Crim. App. 2010) (applicant remanded to the custody of the sheriff to answer the charges against him); *Ex parte Thompson*, 153 S.W.3d 416, 421 (Tex. Crim. App. 2005) (same); *Ex parte Tuley*, 109 S.W.3d 388, 397 (Tex. Crim. App. 2002) (same); *Ex parte Elizondo*, 947 S.W.2d 202, 210 (Tex. Crim. App. 1996) (same).

failing to pursue them at that time, and the trial court did not err by failing to address claims that were outside the State's motion.[20]

Having determined that the trial court erred in its resolution of the *Padilla* claim, the case must be remanded for the trial court to consider appellee's other claims that the trial court did not resolve.[21]  The State contends that the trial court impliedly resolved appellee's other claims against him, but we see nothing in the record to support that contention.  Although the State points to the actual-innocence discussion between defense counsel and the trial court, that discussion shows only that the trial court thought it unlikely that it would rule in appellee's favor on that claim.  The discussion is not inconsistent with the trial court later deciding to resolve only the *Padilla* claim.

Because the trial court did not resolve all of appellee's claims, and those claims were not waived, the court of appeals erred in rendering judgment.  The appellate court should have remanded the case to the trial court for further proceedings.  Whether those further proceedings involve merely

---

[20] *See LaPointe v. State*, 225 S.W.3d 513, 523 (Tex. Crim. App. 2007) ("Finally, we address appellant's contention regarding how the hearing [pursuant to abatement] was conducted. Defense counsel's questions regarding child custody, the victim's alcohol use, and whether the victim was taking medication for bipolar disorder were not inquiries into the victim's past sexual history and did not fall within the trial court's order at trial prohibiting questioning by defense counsel. . . . Those questions therefore fell outside the scope of the court of appeals's remand order, and the trial court did not err to exclude them.").

[21] *See Davison v. State*, 405 S.W.3d 682, 691 (Tex. Crim. App. 2013) ("Ordinarily, we would remand a cause to the lower appellate court when our rejection of its basis for disposition gives rise to another 'issue [that was] raised and [now becomes] necessary to final disposition of the appeal[,] but which the court of appeals has not already addressed.") (brackets in original); *Benavidez*, 323 S.W.3d at 182 n.19 ("When an appellate court reverses a conviction on the basis of trial error without reaching other points of error in an appeal, it has decided every issue 'necessary to final disposition of the appeal' for purposes of TEX. R. APP. P. 47.1—unless, of course, this Court should happen to reverse the court of appeals's reversal on discretionary review. In that event, it is necessary to remand the cause to the lower court for disposition of any remaining points of error the resolution of which are 'necessary to final disposition of the appeal.'").

additional fact findings or also involve further development of the record is a determination to be made by the trial court, at least in the first instance.[22] We reverse the judgment of the court of appeals and remand the case to the trial court for further proceedings consistent with this opinion.

Delivered: November 4, 2015
Publish

---

[22] *See supra* n. 17.