PD-0798-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/18/2015 10:37:43 AM
Accepted 11/18/2015 3:28:21 PM
ABEL ACOSTA
CLERK

NO. PD-0798-15

IN THE COURT OF CRIMINAL APPEALS
OF THE STATE OF TEXAS
AUSTIN, TEXAS

DEBORAH BOWEN,
 APPELLANT

V.

STATE OF TEXAS,
 APPELLEE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**APPELLANT'S MOTION FOR REHEARING ON REFUSAL OF PETITION FOR DISCRETIONARY REVIEW**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ON APPEAL FROM THE 32ND DISTRICT COURT OF FISHER COUNTY, TEXAS, NO. 3313; AND FROM THE 11TH COURT OF APPEALS, NO. 11-13-00114-CR

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

STAN BROWN
P.O. BOX 3122
ABILENE, TEXAS 79604
325-677-1851
FAX 325-677-3107
STATE BAR NO. 03145000
EMAIL: mstrb@aol.com

ANGELA MOORE
310 S. ST. MARY'S ST. STE 1830
SAN ANTONIO, TEXAS 78205
210-364-0013
FAX 210-855-1040
STATE BAR NO. 14320110
EMAIL: amoorelaw2014@gmail.com

ATTORNEYS FOR APPELLANT

FILED IN
COURT OF CRIMINAL APPEALS

November 18, 2015

ABEL ACOSTA, CLERK

IN THE COURT OF CRIMINAL APPEALS OF TEXAS
AUSTIN, TEXAS


DEBORAH BOWEN,
     APPELLANT


                           NO.   PD-0798-15
                           (COURT OF APPEALS NO. 11-13-00114-
                           CR; TRIAL COURT NO. 3313)


STATE OF TEXAS,
     APPELLEE


## IDENTITY OF JUDGE, PARTIES, AND COUNSEL

| | |
|---|---|
| Hon. Glen Harrison<br>32nd District Court<br>Nolan County Courthouse<br>Sweetwater, TX 79566 | Stan Brown<br>Appellant's Attorney/ Appeal<br>P.O. Box 3122<br>Abilene, Texas 79604 |
| Ann Reed<br>32nd District Attorney<br>Nolan County Courthouse<br>Sweetwater, TX 79602 | Angela Moore<br>Appellant's Attorney/Appeal<br>310 S. St. Mary's St., Ste 1830<br>San Antonio, TX 78205 |
| Lisa McMinn<br>State Prosecuting Attorney<br>P.O. Box 13046<br>Austin, TX 78710 | Deborah Bowen, Appellant<br>6343 I.H. 20E<br>Abilene, TX 79601 |
| John R. Saringer<br>Appellant's Attorney/Trial<br>P.O. Box 360<br>Abilene, TX 79604 | |

IN THE COURT OF CRIMINAL APPEALS
OF THE STATE OF TEXAS
AUSTIN, TEXAS

DEBORAH BOWEN,
     APPELLANT

V.

NO. PD-0798-15

STATE OF TEXAS,     (TRIAL COURT NO. 3313; COURT OF
    APPELLEE        APPEALS NO. 11-13-00114-CR)

## **APPELLANT'S MOTION FOR REHEARING**

TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS:

Now comes DEBORAH BOWEN, Appellant, pursuant to Tex. R. App. P. 79.1 and 79.2, and moves this Honorable Court, on the basis of substantial intervening case law addressed below, to reconsider the decision of November 4, 2015 to refuse Appellant's Petition for Discretionary Review, for the following good and sufficient reasons, which both undersigned counsel hereby certify is made in good faith and not for delay, but in accordance with aforementioned Rule 79.2, to-wit:

3

## ISSUE RELIED UPON FOR REHEARING

1.     Appellant respectfully suggests two very recent decisions, *Ex parte Reyes*, _____S.W.3d _____, 2015 WL 6726711 (Tex. Crim. App. November 4, 2015); and *State v. Ramos*, _____ S.W.3d _____, 2015 WL 6653231(Tex. App.-El Paso, October 30, 2015); considered together, bear directly and favorably on both of our related issues, that Jeopardy attached to her acquittal in the court of appeals and furthermore, Due Process should prohibit the retroactive overruling of *Collier* and *Hayne*s by *Bowen v. State*, 374 S.W.3d 427 (Tex. Crim. App. 2012).

## ARGUMENT

In *Ex parte Reyes*, _____S.W.3d _____, 2015 WL 6726711 (Tex. Crim. App. November 4, 2015) the trial court granted appellee (Reyes) relief on one of five grounds raised. The State appealed and the El Paso Court of Appeals reversed and rendered, reinstating the guilty plea. The Court of Appeals reasoned as the decision upon which the trial court had based relief; *Padilla v. Kentucky*, 559 U.S. 356 (2010);[1] had been declared non-retroactive, the appellee's guilty plea would therefore be reinstated. *Ex parte Reyes*, *supra*, 2015 WL 6726711 at Slip Op. 2.

*Reyes* explained, "So, when an article 11.072 habeas applicant advances multiple issues that would entitle him to relief, the trial court may limit its grant of relief to only one of the issues, *as long as the court does not neglect an issue that would result in greater relief than the one addressed*.

---

[1] Held the Sixth Amendment to the Constitution of the United States imposes a duty on attorneys representing non-citizen criminal defendants to advise the client about the potential removal consequences arising from a guilty plea.

*Id*. 2015 WL 6726711 at Slip Op. 3. (Emphasis supplied). This Court cited *Benavidez v. State*, 323 S.W.3d 179 (Tex. Crim. App. 2010) in support of that statement. *Ex parte Reyes*, *supra*, 2015 WL 6726711 at Slip Op. 3, FN18; followed with an explanation, "*But because we have not, before now, explicitly labeled actual-innocence relief as a greater form of relief than a new trial, we do not fault the trial court and the parties for failing to dispose of this claim at the time relief was granted* on the *Padilla* claim." *Id*. at 3. (Emphasis supplied). That recognition, for the first time, of the overriding importance of a finding of insufficient evidence certainly provides additional support to our position Jeopardy attached to Appellant's acquittal in the Court of Appeals, *Bowen v. State*, 322 S.W.3d 435 (Tex. App.-Eastland 2010, pet. granted).

*Benavidez*, relied upon at page twenty-three of Appellant's Brief in the Court of Appeals, explains: "We have never required a cross-petition from an appellant to justify remanding the cause to the intermediate appellate court to address any extant, as-yet-unaddressed claims of trial error. Because of the jeopardy consequences of an appellate acquittal, it is even more 'necessary to final disposition of the appeal' that, when a court of appeals erroneously concludes that there is trial error in a case, but has not yet addressed a claim of legal sufficiency, we remand the case to that court

for consideration of that still-pending issue." *Benavidez v. State*, *supra*, 323 S.W.3d at 183 FN 19.

This Court in *Reyes*, furthermore, made plain the issue of whether a court decision is retroactive or not is also an issue of constitutional magnitude:

> The trial court made additional findings of fact on the *Padilla* claim that were favorable to appellee, but it made one unfavorable conclusion of law: In light of *Chaidez v. United States*,[2] handed down on February 20, 2013, the trial court reconsidered its earlier conclusion that *Padilla* applied retroactively and observed that the Supreme Court held that *Padilla* did not apply retroactively in a federal felony conviction case. However, the trial court expressed no conclusion in the supplemental findings as to the ultimate disposition of the case, and the case was returned to the court of appeals.
>
> Relying on *Chaidez* and *Ex parte De Los Reyes*,[3] the court of appeals held that *Padilla* did not apply retroactively, and, as a result, appellee was not entitled to relief on the *Padilla* claim. In passing, the court of appeals observed that, while the trial court made findings of fact that could ostensibly support appellee's non-*Padilla* claims, the trial court did not rely upon any non-*Padilla* theory of law to support its ruling granting appellee relief. In a footnote, the court of appeals declined appellee's invitation to remand the case to the trial court to allow for further development of the record because appellee was given "a meaningful opportunity at two hearings to develop an evidentiary record to support his claim of ineffective assistance of counsel." Consequently, the court of appeals reversed the trial court's order of relief and rendered judgment reinstating appellee's guilty plea. *Ex parte Reyes*, *supra*, 2015 WL 6726711 at Slip Op. 2 (Footnotes omitted).

---

[2] *Chaidez v. United States*, 133 S. Ct. 1103 (2013).
[3] *Ex parte De Los Reyes*, 392 S.W.3d 675 (Tex. Crim. App. 2013).

6

As explained above, *Ex parte Reyes* indeed provides additional support for both our U.S. Const. amend. V, Jeopardy, and U.S. Const. amend. XIV, Due Process, arguments presented in our petition for discretionary review. As to Due Process, *Janecka v. State*, 937 S.W.2d 456, 461 (Tex. Crim. App. 1996) states the standard for determining when retroactive application of a new rule of law denies Due Process:

> It is true the Supreme Court has held that retroactive application of an unforeseeable judicial construction of a statute, or a sudden, unanticipated change in a court-made rule, may violate due process in much the same way that retroactive application of new or modified penal provisions violates the Ex Post Facto Clause. See, respectively, *Bouie v. Columbia,* 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964) and *Marks v. United States,* 430 U.S. 188, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977). But the gravamen of this due process guarantee is "fair warning" to the defendant that his conduct was criminal at the time he engaged in it. *Bouie,* supra, at 352, 84 S.Ct. at 1701–02; *Marks,* supra, at 195 & 196, 97 S.Ct. at 994 & 995.

At the time of trial, Appellant did not know she could be convicted of misapplication of fiduciary property of Dana White and others valued at *less than $200,000.00* as she had been charged with misapplication of fiduciary property belonging to Dana White valued at *$200,000.00 or more*. The retroactive overruling of *Collier v. State,* 999 S.W.2d 779 (Tex. Crim. App. 1999) and *Haynes v. State,* 273 S.W.3d 183 (Tex. Crim. App. 2008) deprives Appellant Deborah Bowen of the right to rely on the longstanding doctrine the State must prove what it has alleged in the indictment as

7

reflected in the trial court's charge to the jury[4] just as the retroactive abandonment of the "carving doctrine" denied the appellant Due Process of Law in *Ex Parte Scales*, 853 S.W.2d 586, 588 (Tex. Crim. App. 1993).[5]

This Court's re-emphasis of *Benavidez* in *Ex parte Reyes* further strengthens our Jeopardy argument. Certainly, it is axiomatic, as *Benavidez* and *Ex parte Reyes* reinforce, an appellate finding of insufficient evidence is

---

[4] It is elementary the State must prove *each* element of the offense beyond a reasonable doubt. *See*, *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) which held the Fourteenth Amendment's Due Process clause requires any fact that increases the penalty for a state crime beyond the prescribed statutory maximum--other than the fact of a prior conviction--must be submitted to a jury and proved beyond a reasonable doubt. "Any possible distinction between an 'element' of a felony offense and a 'sentencing factor' was unknown to the practice of criminal indictment, trial by jury, and judgment by court as it existed during the years surrounding our Nation's founding. As a general rule, criminal proceedings were submitted to a jury after being initiated by an indictment containing 'all the facts and circumstances which constitute the offence, . . . stated with such certainty and precision, that the defendant . . . may be enabled to determine the species of offence they constitute, in order that he may prepare his defence accordingly . . . and *that there may be no doubt as to the judgment which should be given*, if the defendant be convicted.'…The defendant's ability to predict with certainty the judgment from the face of the felony indictment flowed from the invariable linkage of punishment with crime…(after verdict, and barring a defect in the indictment, pardon or benefit of clergy, "the court *must pronounce that judgment, which the law hath annexed to the crime*" (Emphasis supplied))." *Id*. 530 U.S. at 478-479. (Footnote and citations omitted).

[5] *See generally*, *State v. Colyandro*, 233 S.W.3d 870, 887 FN3 (Tex. Crim. App. 2007)(Price, J., concurring), "*See* Annotation, *Prospective or Retroactive Operation of Overruling Decision*, 10 A.L.R.3d 1371, §§ 7[a] & [b], at 1393 & 1396 (1966) ("[I]t is now generally recognized that a court has the power…to overrule a case purely prospectively and give the overruling decision no retroactive effect whatsoever, that is, to hold that the rule established by the overruling decision will operate only upon future transactions or events and will not even be operative upon the parties to the overruling case…especially where there has been strong reliance on an earlier decision, the most equitable way of overturning the earlier decision may be to hold that the parties to a particular case are to have their rights governed by the earlier decision, but to warn, by means of dictum, that anyone who subsequently relies upon the earlier decision…")

a matter at a different and higher level than a reversal and remand resulting from trial court error. An appellate finding of insufficient evidence to support the conviction is, indeed, a bar to all further prosecution.

*State v. Ramos*, _____ S.W.3d _____, 2015 WL 6653231 (Tex. App.-El Paso, October 30, 2015), handed down four days prior to the refusal of Appellant's Petition for Discretionary Review, provides additional persuasive authority for this Court's consideration. The State appealed the trial court's order granting Ramos a new trial. "Ramos…was acquitted of murder but convicted of aggravated assault arising out of a stabbing incident. Ramos' only defense at trial was self-defense…the State contends that rendition of these apparently inconsistent verdicts is not proof that the jury believed Ramos's self-defense claim, and that verdict inconsistency does not justify acquittal or a new trial grant on the aggravated assault charge…" *Id.* 2015 WL 6653231 at Slip Op 1.[6]

The El Paso Court of Appeals, on rehearing, stated the core issue: "Ramos' defense of the new trial grant on appeal rests heavily on *Alonzo v. State,* 353 S.W.3d 778 (Tex.Crim.App.2011). Ramos argues that *Alonzo* stands for the proposition that when a defendant pleads self-defense and the

---

[6] The Eighth Court of Appeals had initially reversed and reinstated the conviction. *State v. Ramos*, NO. 08-13-00279-CR (Tex. App.-El Paso, July 15, 2015)(Unpublished and subsequently withdrawn opinion).

9

jury believes his self-defense claim, it cannot acquit the defendant of murder but still convict him of aggravated assault. As such, the trial court was justified in ordering a new trial here in light of inconsistent verdicts that indicated the jury believed his self-defense argument." *Ramos v. State*, *supra*, 2015 WL 6653231 at Slip Op 4.

> On rehearing, Ramos clarified that jury charge error stemmed from the fact that aggravated assault by threat was not, in fact, a lesser-included offense. The State concedes that the particular aggravated assault instruction at issue here was erroneous. As explained below, we conclude that giving this instruction constituted reversible error, and that the new trial order could be justified as a curative measure aimed at correcting this mistake. However, *Ramos is still entitled to legal sufficiency review, since a finding of legal insufficiency would interpose a jeopardy bar against retrial. Benavidez v. State,* 323 S.W.3d 179, 182 (Tex.Crim.App.2010). We find that Ramos was not entitled to an acquittal on the aggravated assault charge because the evidence was legally sufficient to support it. Instead, a new trial on that charge is the appropriate remedy here. *Id.* 2015 WL 6653231 at Slip Op. 3. (Emphasis supplied).

In addition to that further validation and recognition of the importance of sufficiency review made plain by *Benavidez*, the El Paso Court of Appeals went on to conclude:

> the jury acquitted Ramos of murder, which interposed a jeopardy bar against conviction for any lesser-included offense moving forward, including a conviction for aggravated assault by force. *Benavidez,* 323 S.W.3d at 182. The jury found Ramos guilty of aggravated assault by threat, and since that crime falls outside the murder jeopardy spectrum, retrial here is proper. However, *we cannot now reform a conviction on a charge*

10

*outside of the murder spectrum to reflect a conviction for a charge within the murder spectrum after Ramos was acquitted of murder without violating Ramos' double jeopardy rights. More to the point, the State's proposed remedy does not ameliorate the due process violation that stemmed from the misinstruction.* Under these circumstances, we have no choice but to affirm the new trial grant. *State v. Ramos, supra,* 2015 WL 6653231 at Slip Op. 7. (Emphasis supplied).

In arriving at that decision, the Court of Appeals observed, "Convicting a defendant on an unindicted, less-but-not-included offense is a due process violation." *State v. Ramos, supra,* 2015 WL 6653231 at Slip Op. 7 (citing *Beasley v. State,* 426 S.W.3d 140, 149 (Tex. App.-Houston [1st Dist.] 2012, no pet.). *Beasley,* 426 S.W.3d at 149 succinctly proclaims: "Allowing a jury to find the defendant guilty of an unindicted offense that was not a lesser-included offense of the charged offense runs afoul of due process requirements."

It would be remiss to ignore *Thornton v. State,* 425 S.W.3d 289 (Tex. Crim. App. 2014), cited in *State v. Ramos.* *Thornton* alone does not bode well for our Due Process argument, however, neither *Thornton* nor *Bowen v. State,* 374 S.W.3d 427 (Tex. Crim. App. 2012) discuss the Due Process ramifications of the retroactive overruling of established precedent. Moreover, the Jeopardy ramifications from the appellate acquittal in *Bowen v. State,* 322 S.W.3d 435 (Tex. App.-Eastland 2010, pet. granted) should not be ignored. As both Double Jeopardy and Due Process of Law are

11

overarching principles of appellate review, both are issues that merit the attention of this Honorable Court. The refusal of review of November 4, 2015 must therefore be reconsidered, and review should be granted in order to give these overridingly important constitutional issues the appellate respect they deserve.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant prays this Honorable Court reconsider its November 4, 2015 refusal of Appellant's Petition for Discretionary Review, and upon such reconsideration, grant review in order to allow a full exploration of the issues presented.

Respectfully submitted,

/s/ Stan Brown
STAN BROWN
P.O. BOX 3122
ABILENE, TEXAS 79604
325-677-1851
FAX 325-677-3107
STATE BAR NO. 03145000
EMAIL: mstrb@aol.com

/s/ Angela Moore
ANGELA MOORE
310 S. ST. MARY'S ST, STE 1830
SAN ANTONIO, TEXAS 78205
210-364-0013
FAX 210-855-1040
STATE BAR NO. 14320110
EMAIL: amoorelaw2014@gmail.com

## CERTIFICATE OF SERVICE

We hereby certify that on this __18th__ day of November, 2015, a true and correct copy of the above and foregoing Motion for Rehearing Refusal of Petition for Discretionary Review was emailed to Ms. Ann Reed, 32nd District Attorney, at ann@32ndda-tx.us; and to Ms. Lisa McMinn, State Prosecuting Attorney, at information@spa.texas.gov.

/S/ Stan Brown
STAN BROWN
/S/ Angela Moore
ANGELA MOORE

## <u>CERTIFICATE OF COMPLIANCE</u>

We hereby certify that according to the computer program used to prepare the foregoing document, the word count, in accordance with Tex. R. App. P. 9.4, is _____1956__ words; and further certify that the brief is in Times 14-point type, except for footnotes which are Times 12-point type.

/S/ Stan Brown_____

STAN BROWN

/S/ Angela Moore_____

ANGELA MOORE