

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-87,603-02 & 87,603-03

### EX PARTE LARRY EUGENE JOHNSON, Applicant

### ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS CAUSE NOS. 1394883-A & 1394884-A IN THE 209TH DISTRICT COURT FROM HARRIS COUNTY

*Per curiam.*

#### O R D E R

Applicant was convicted of possession of marijuana and delivery of marijuana. He was sentenced to two years' imprisonment for each offense, to run concurrently. Applicant did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant, among other things, contends that plea was involuntary due to false evidence. The trial court made findings of fact and conclusions of law and recommends that this Court grant relief. However, it is not clear from the record whether Applicant has shown "confinement" as required by the statute. *See* Tex. Code Crim. Proc. art. 11.07 § 3(c) (confinement means "confinement for any offense or any collateral consequence resulting from the conviction that is the

basis of the instant habeas corpus"); *Ex parte Harrington*, 310 S.W.3d 452, 457 (Tex. Crim. App. 2010). Additionally, there are no findings addressing Applicant's actual innocence claim, which must be resolved before claims resulting in a lesser form of relief will be resolved. *See Ex parte Reyes*, 474 S.W.3d 677, 681 (Tex. Crim. App. 2015). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant is confined as defined by Article 11.07 § 3(c). The trial court shall also make specific findings as to whether Applicant waived his actual innocence claim, and if Applicant has not, it shall make findings resolving the merits of that claim. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: September 22, 2021
Do not publish