

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-41,654-05

### EX PARTE WALTER ROY, A/K/A EDDIE DEWAYNE MOORE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. C-2-W011756-0606216-C
### IN CRIMINAL DISTRICT COURT NUMBER TWO
### FROM TARRANT COUNTY

KEEL, J., filed a concurring opinion in which RICHARDSON, and WALKER, JJ., joined.

### CONCURRING OPINION

Applicant was sentenced to life in prison for engaging in organized criminal activity by committing aggravated assault with a firearm. In his second subsequent writ application (-05) he claimed actual innocence based on newly discovered evidence showing that he was not the shooter. The newly discovered evidence was convincing, but it did not establish Applicant's actual innocence because, even though he wasn't the shooter, he was still guilty as a party to the offense. We dismissed the application.

We now reconsider our denial of the -05 application and grant relief on the punishment claim that Applicant explicitly raises in his -07 application. I agree with doing so because Applicant's punishment claim relies on the same false evidence brought to light in his -05 writ, and the relief he seeks—a new punishment hearing—is a subset of the relief he would have been entitled to if his actual innocence claim had been granted. That is, he would have been entitled to a new trial. *E.g., Ex parte Grant*, 622 S.W.3d 392 (Tex. Crim. App. 2021) (granting actual innocence claim and remanding case to trial court for Grant to answer the charges in the indictment); *Ex parte Reyes*, 474 S.W.3d 677, 681 n.19 (Tex. Crim. App. 2015) (noting that "we have granted only new trials in connection with" actual innocence claims). A new trial would include a new punishment hearing in the event of a conviction. Thus, in reconsidering his -05 application and granting a new punishment hearing, we are not considering a different claim or granting different relief; rather, we are considering the same false evidence claim and granting a subset of the relief that Applicant would have been entitled to if his innocence claim had been meritorious.

Rule 79.2(d) authorizes us to reconsider the dismissal of an earlier writ application. Tex. R. App. P. 79.2(d). Reconsidering an earlier writ application does not violate Article 11.07's bar on subsequent writs. *See* Tex. Code Crim. P. art. 11.07 § 4. Like the language in Article 11.071, nothing in 11.07 prohibits our reconsideration of our initial disposition of a felony writ. *See Ex parte Moreno*, 245 S.W.3d 419, 427 (Tex.

Crim. App. 2008) (finding no language in Texas Code of Criminal Procedure Article 11.071 to prohibit reconsideration of a death penalty writ).

The relief we grant today assures only one thing: the opportunity to sentence Applicant without consideration of the false evidence that tainted his first trial. And granting that opportunity does not impinge on the State's interest in the repose or finality of Applicant's sentence; on the contrary, the State—represented by the district attorney, trial court judge, and sheriff—renounced any such interest when it recommended to the Board of Pardons and Paroles that Applicant's sentence be commuted.

Accordingly, I join the Court's decision to grant relief.


Filed: April 27, 2022

Publish