

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00242-CR

_____

Ex Parte Ronderrick Johnson

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. C-396-W012598-1763670-AP

Before Sudderth, C.J.; Bassel and Womack, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

Pro se Appellant Ronderrick Johnson claims that his guilty plea was involuntary because his trial counsel (Counsel) was ineffective. Johnson sought habeas relief from his deferred adjudication community supervision order on this basis, identifying Counsel's two deficient actions as his failing to move for a speedy trial and to move for recusal of the visiting trial court judge. A magistrate judge denied relief, and the trial court adopted its actions. *See* Tex. Code Crim. Proc. Ann. art. 11.072, § 8.

Johnson asserts that this denial of relief was erroneous because, according to him, the trial court (1) could not refer the habeas proceeding to a magistrate judge without Johnson's express consent; (2) was unreasonable in its decision to believe certain affiants over others; (3) neglected to address Counsel's failure to subpoena witnesses for trial; and (4) erred by holding that Counsel's allegedly deficient actions were not deficient. But (1) the referral to a magistrate judge was statutorily authorized with or without Johnon's consent; (2) the trial court, as the factfinder, had the discretion to believe certain affiants over others; (3) Johnson did not raise his subpoena-related allegations as grounds for habeas relief; and (4) even if Counsel's actions were deficient, Johnson did not show harm. In other words, we will affirm.

## I. Background

In late 2019, Johnson was indicted for two counts of sexual assault and one count of aggravated assault by choking, all three of which were committed against his ex-girlfriend. The case went to trial more than three years later in February 2023.

A visiting judge presided over the trial. After the State elicited testimony from its first witness—the complainant—and after it presented photographic and audio evidence of Johnson's offenses, Johnson changed his pleas to guilty and entered into a plea bargain. The State dismissed one count of sexual assault, and Johnson received five years' deferred adjudication community supervision on the two remaining offenses.

Soon thereafter, Johnson hired new attorneys and moved for a new trial based on Counsel's alleged failure to subpoena witnesses for trial. The trial court denied the motion.

Johnson raised Counsel's ineffective assistance again a few years later, this time in an application for a writ of habeas corpus. Johnson's habeas application did not rely on the subpoena-related allegations that he had raised in his motion for new trial, though. Rather, Johnson asserted that his guilty plea had been involuntary, claiming that he would not have pleaded guilty had Counsel moved (1) for a speedy trial or (2) to recuse the visiting judge from the case.

The trial court signed an order referring the habeas proceeding to a magistrate judge, and the magistrate requested a response from the State and affidavits from Counsel and from the prosecutor who had worked on Johnson's case. After receiving the response and the affidavits, the magistrate judge denied relief and explained its rationale in detailed findings of fact and conclusions of law. As relevant here, the magistrate found that key portions of Johnson's affidavit were not credible, that

3

neither a motion for speedy trial nor a motion to recuse the visiting judge would have been meritorious, that Counsel's failure to file such motions was not deficient, and that there was no credible evidence that an earlier trial date or a different judge would have affected Johnson's decision to plead guilty. The trial court adopted the magistrate judge's actions, and Johnson appeals. *See id.*

## II. Standard of Review

An individual may challenge the legal validity of an order imposing community supervision by filing an application for writ of habeas corpus, just as Johnson did here. *See id.* art. 11.072. In such cases, the applicant bears the burden of establishing his right to habeas relief by a preponderance of the evidence. *Ex parte Martinez*, 330 S.W.3d 891, 900–01 (Tex. Crim. App. 2011).

For the applicant "[t]o demonstrate that he is entitled to . . . relief on the basis of ineffective assistance of counsel, [he] must demonstrate that (1) counsel's performance was deficient, in that it fell below an objective standard of reasonableness[;] and (2) the applicant was prejudiced as a result of counsel's errors," meaning that "but for counsel's errors, [the applicant] would not have pleaded guilty and would have insisted on going to trial." *Ex parte Uribe*, 516 S.W.3d 658, 666 (Tex. App.—Fort Worth 2017, pet. ref'd).

"[T]he trial judge is the sole finder of fact." *Ex parte Garcia*, 353 S.W.3d 785, 787–88 (Tex. Crim. App. 2011) (distinguishing review of Article 11.072 habeas proceeding from Article 11.07 habeas proceeding). On appeal, we afford almost total

deference to the trial court's findings of fact—particularly those based on credibility and demeanor—as long as the findings are supported by the record. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997); *see Garcia*, 353 S.W.3d at 788 (clarifying that the *Guzman* standard of deference controls in Article 11.072 habeas cases). This deference applies even when, as here, the witness testimony is submitted by affidavit. *State v. Guerrero*, 400 S.W.3d 576, 583 (Tex. Crim. App. 2013); *Ex parte Juara*, 643 S.W.3d 702, 712 (Tex. App.—Fort Worth 2021, pet. ref'd).

### III. Discussion

Johnson claims that the trial court erred by (1) referring the habeas proceeding to a magistrate judge without his consent; (2) crediting Counsel's and the prosecutor's averments; (3) failing to make findings regarding Johnson's subpoena-related allegations; and (4) finding that speedy trial and recusal motions would not have prevailed, so Counsel was not deficient for failing to file them.[1]

### A.    Referral to Magistrate:  The referral did not require Johnson's consent.

First, Johnson asserts that the trial court lacked the authority to refer his habeas application to a magistrate judge without his express consent. But the referral was statutorily authorized and did not require Johnson's consent.

The Government Code permits a Tarrant County criminal court to refer "proceedings involving . . . a writ of habeas corpus" to a magistrate via an order of

---

[1]Johnson lists five appellate issues, but we reorder and condense them for organizational purposes.

referral. Tex. Gov't Code Ann. §§ 54.656(a)(4), 54.657. This is precisely what the trial court did; it signed an order referring Johnson's habeas proceeding to a magistrate judge as statutorily authorized. The statute says nothing about needing a party's consent. *See id.* And to the extent that Johnson objected to the referral, he failed to preserve that objection by raising it in the trial court. *See* Tex. R. App. P. 33.1(a)(1) (requiring a party to raise a timely and specific trial court objection "[a]s a prerequisite to presenting [the] complaint for appellate review"); *Nash v. State*, 123 S.W.3d 534, 536–37 (Tex. App.—Fort Worth 2003, pet. ref'd) (noting that "[t]his court has . . . previously held that in order to challenge the trial court's referral of voir dire to a magistrate, the appellant must have preserved error in the trial court"); *see also Guerrero v. State*, No. 02-13-00611-CR, 2015 WL 1407748, at *4 (Tex. App.—Fort Worth Mar. 26, 2015, no pet.) (mem. op., not designated for publication) (citing and following *Nash* but noting sister court's contrary rule).

We overrule Johnson's first issue.

## B.     Credibility Determinations:  We defer to the factfinder.

Johnson next challenges the trial court's fact findings. He argues that it was unreasonable for the trial court to credit Counsel's "deceptive" and "misleading" averments, to believe the prosecutor's averments about pretrial delays and events,[2] to

---

[2]Johnson further asserts that the prosecutor committed misconduct in his case. These accusations were not raised as a basis for relief below, and on appeal, they appear to be lodged in an attempt to impeach the prosecutor's credibility. As we have already noted, the trial court was free to believe the prosecutor's averments. *See*

6

accept the disputed averments without requiring corroborating documentation, and to

adopt the State's "selective view of the record" in rejecting his speedy trial complaint.[3]

But "the trial judge is the sole finder of fact." *Garcia*, 353 S.W.3d at 788. The

trial court had the discretion to "believe any or all of [the] witness[es'] testimony" or

averments. *Guerrero*, 400 S.W.3d at 583 (noting that rule applies even when "all of the

evidence is submitted through affidavits, depositions, or interrogatories"). And

although Johnson questions the trial court's decision to believe Counsel's and the

prosecutor's averments, in doing so he indirectly acknowledges that such averments

were indeed evidence before the trial court that it could have believed. These

credibility determinations were within the trial court's discretion, and because they are

supported by the record—namely, by the affidavits themselves—we must defer to

---

*Garcia*, 353 S.W.3d at 788; *Ex parte Salim*, 595 S.W.3d 844, 853 (Tex. App.—Fort Worth 2020, no pet.) (mem. op.).

[3]Johnson repeatedly criticizes the trial court's "adopt[ing] the State's [proposed] findings wholesale," claiming that "courts have repeatedly held that such uncritical adoption . . . constitutes an abuse of discretion." But the case law he cites for this purported rule holds no such thing. *See Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 572, 105 S. Ct. 1504, 1510–11 (1985) (noting that Court has "criticized courts for their verbatim adoption of findings of fact prepared by prevailing parties" but stating that, "even when the trial judge adopts proposed findings verbatim, the findings are those of the court and may be reversed only if clearly erroneous"); *Garcia*, 353 S.W.3d at 787–88 (distinguishing between Article 11.07 habeas proceeding and Article 11.072 habeas proceeding and emphasizing that, in review of the latter, "the trial judge is the sole finder of fact" and "there is less leeway . . . to disregard the findings of a trial court"). Plus, in the context of Article 11.07 habeas proceedings in particular, the legislature expressly contemplated and authorized the trial court to "require the prevailing party to submit a proposed order" that "includ[es proposed] findings of fact and conclusions of law." Tex. Code Crim. Proc. Ann. art. 11.072, § 7(a).

them.  *See id.*; *Garcia*, 353 S.W.3d at 788; *Guzman*, 955 S.W.2d at 89.  We overrule his second issue.

## C.    Subpoena-Related Complaint:  Findings were not necessary.

Johnson next asserts that the trial court erred by "failing to investigate and make findings as to whether [Counsel] had in fact subpoenaed and secured the attendance of defense witnesses" at trial.  He claims that Counsel failed to subpoena any defense witnesses, that this failure constituted deficient performance, and that the trial court was required to make findings on the issue.

But while Johnson raised his subpoena-related complaint in his motion for new trial, he did not raise it as a ground for relief in his habeas application.  Johnson's habeas application alleged ineffective assistance based on two other deficiencies: Counsel's failure (1) to file a motion for speedy trial and (2) to move to recuse the visiting judge.  Because Johnson's subpoena-related complaint was not a basis for his requested habeas relief, the trial court did not need to address this issue to resolve Johnson's habeas petition.  *See Ex parte Reyes*, 474 S.W.3d 677, 680–81 (Tex. Crim. App. 2015) (recognizing that "the principle that a court may decline to address issues that are not necessary to the court's disposition applies equally to the Article 11.072 habeas context," applying rule to trial court's order granting relief, and clarifying that trial court could grant relief on one ground without addressing other grounds that were not dispositive).  We overrule his third issue.

**D. Deficiency Findings: Regardless, Johnson did not show prejudice.**

In his final appellate issue, Johnson challenges the trial court's findings regarding the motions that he claims Counsel should have filed, i.e., the trial court's findings that motions for a speedy trial and recusal would have been fruitless. But the challenged findings relate to the first prong of ineffective assistance—whether Counsel performed deficiently. *See Uribe*, 516 S.W.3d at 666 (listing prongs). Even if Counsel's performance had been deficient, Johnson did not show the second prong of ineffective assistance—that Counsel's failure to file the relevant motions contributed to Johnson's guilty plea. *See id.*

A habeas applicant asserting ineffective assistance must demonstrate not only that his counsel's performance was deficient but also that the "ineffective performance affected the outcome of the plea process" such that "but for counsel's errors, [the applicant] would not have pleaded guilty and would have insisted on going to trial." *Id.* (quoting *Ex Parte Torres*, 483 S.W.3d 35, 43 (Tex. Crim. App. 2016)). Here, the trial court found that the relevant motions would not have affected Johnson's guilty pleas. And the record supports this finding.

The record confirms that Johnson—with knowledge of the trial's date and the visiting judge's identity—proceeded to trial and entered pleas of not guilty in open court. Johnson did not change his pleas to guilty until later—after the parties had presented opening statements, the State had elicited testimony from the complaining witness, the trial court had admitted photographic evidence of the complainant's

9

injuries and of her text-message conversations with Johnson, and the jury had heard audio recordings of the complainant's 911 call and of Johnson's calls to the complainant after the assaults. This timing supports a finding that neither the trial's date nor the visiting judge's identity was a catalyst for Johnson's guilty pleas; had the trial date or judge's identity been a determinative factor, Johnson would not have proceeded to trial in front of the visiting judge in the first place. *Cf. Tulk v. State*, No. 02-24-00432-CR, 2025 WL 2088266, at *4 (Tex. App.—Fort Worth July 24, 2025, no pet.) (mem. op., not designated for publication) (holding no harm from denial of continuance when defendant changed his plea after voir dire and noting that "[i]f the trial court's denial of [the] . . . continuance was, as [the defendant] argue[d], influential in his decision to plea[d guilty], he would have [presumably] pleaded guilty at an earl[ier] stage of the proceedings"); *Milem v. State*, No. 02-24-00201-CR, 2025 WL 1536399, at *4 (Tex. App.—Fort Worth May 29, 2025, pet. ref'd) (mem. op., not designated for publication) (similar).

Because the record supports the trial court's findings that Counsel's alleged deficiencies did not affect Johnson's changed pleas, we need not address whether Counsel's actions were, in fact, deficient. *See* Tex. R. App. P. 47.1. We overrule this final issue.

## IV. Conclusion

Johnson has not shown that the trial court erred in its handling of the habeas proceeding, nor has he shown that the order imposing deferred adjudication

10

community supervision is invalid. Having overruled his four appellate issues, we affirm the trial court's order denying habeas relief. *See* Tex. R. App. P. 43.2(a). All pending motions are denied.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: September 25, 2025

11